# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and ) <br> INTELLECTUAL VENTURES II LLC, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> SOUTHWEST AIRLINES CO., ) <br> ) <br> *Defendant*. ) | C.A. No. 7:24-cv-00277-ADA <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS' DISCLOSURE OF
PRELIMINARY INFRINGEMENT CONTENTIONS**

Pursuant to the Court's Standing Order Governing Proceedings ("OGP"), Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Intellectual Ventures," "IV," or "Plaintiffs"), hereby provides its Initial Infringement Contentions to Defendant Southwest Airlines Co. ("Southwest" or "Defendant") for United States Patent No. 8,332,844 ("the '844 Patent"), United States Patent No. 8,407,722 ("the '722 Patent"), United States Patent No. 7,949,785 ("the '785 Patent"), United States Patent No. 8,027,326 ("the '326 Patent), United States Patent No. 7,324,469 ("the '469 Patent"), and United States Patent No. 7,257,582 ("the '582 Patent") (collectively, the "Asserted Patents" or "Patents-in-Suit").

IV makes this disclosure based on the information presently available to it. Discovery in this case has not started, and IV reserves its right to amend or supplement these disclosures as permitted by the Federal Rules of Civil Procedure, by the local rules of the Western District of Texas, and by order of the Court.

For each Asserted Patent, Plaintiffs identify the following Accused Instrumentalities of which it is currently aware. The identification of Accused Instrumentalities is based on Plaintiffs' research and analysis to date, without the benefit of discovery from the Defendant. Plaintiffs

reserve the right to add, delete, substitute or otherwise amend this list of Accused Instrumentalities based on discovery or other circumstances, in a manner consistent with the Federal Rules of Civil Procedures, local rules, and standing order.

The Accused Instrumentalities include, without limitation, the following:

- '844 Patent. The Accused Instrumentalities include, without limitation, Southwest systems that utilize Docker, and all past, current and future Southwest products that operate in the same or substantially similar manner as the specifically identified products and components, and all past, current and future Southwest products that have the same or substantially similar features as the specifically identified products and components provided in Exhibit 1.

- '722 Patent. The Accused Instrumentalities include, without limitation, Southwest systems that utilize Kafka, and all past, current and future Southwest products that operate in the same or substantially similar manner as the specifically identified products and components, and all past, current, and future Southwest products that have the same or substantially similar features as the specifically identified products and components provided in Exhibit 2.

- '785 Patent. The Accused Instrumentalities include, without limitation, Southwest systems that utilize Kubernetes, and all past, current and future Southwest products that operate in the same or substantially similar manner as the specifically identified products and components, and all past, current and future Southwest products that have the same or substantially similar features as the specifically identified products and components provided in Exhibit 3.

- '326 Patent. The Accused Instrumentalities include, without limitation, Southwest systems that provide Wi-Fi Access Points that support at least IEEE 802.11n and/or 802.11ac, and all past, current, and future Southwest products that operate in the same or substantially similar manner as the specifically identified products and components, and all past, current and future Southwest products that have the same or substantially similar features as the specifically identified products and components. Exhibit 4.

- '469 Patent. The Accused Instrumentalities include, without limitation, Southwest systems that provide satellite-based onboard WiFi, and all past, current and future Southwest products that operate in the same or substantially similar manner as the specifically identified products and components, and all past, current and future Southwest products that have the same or substantially similar features as the specifically identified products and components. Exhibit 5.

- '582 Patent. The Accused Instrumentalities include, without limitation, Southwest systems that utilize Hadoop and/or Spark, and all past, current and future Southwest products that operate in the same or substantially similar manner as the specifically identified products and components, and all past, current and future Southwest products that have the same or substantially similar features as the specifically identified products and components provided in Exhibits 6 and 7.

- All past, current and future Southwest products and services that operate in the same or substantially similar manner as the specifically identified products and services above and

2

described in Exhibits 1-7 (claim charts identifying specifically where each element of each asserted claim is found within each Accused Instrumentality).

- All past, current and future Southwest products and services that have the same or substantially similar features as the specifically identified products and services above and described in Exhibits 1-7, (claim charts identifying specifically where each element of each asserted claim is found within each Accused Instrumentality).

Plaintiffs' infringement contentions apply to the Accused Instrumentalities as well as all other past, current and future hardware and software products and services developed, made, used, offered for sale, sold, imported, and provided by Southwest that contain or make use of the Patented Technology.[1] This identification of Accused Instrumentalities is based upon Plaintiffs' diligent investigation to date, and without the benefit of any discovery from the Defendant and without the benefit of the Court's claim construction. Plaintiffs expressly reserve the right to add, delete, substitute or otherwise amend this list of Accused Instrumentalities based on discovery, the Court's claim construction, or other circumstances, in a manner consistent with the Federal Rules of Civil Procedure and the Court's rules, including the local Patent Rules.

These preliminary infringement contentions are based upon publicly available information and Plaintiffs' diligent investigation to date, and without the benefit of any substantial discovery from the Defendant and without the benefit of the Court's claim construction. Plaintiffs anticipate that discovery may provide additional evidence of Defendant's infringement, may lead to the discovery of additional instances of infringement, and may also enable identification of additional claims that are infringed by Defendant.

Based upon currently available information, IV asserts that Southwest has infringed and/or continues to infringe the patents and claims identified in the attached claim charts (the "Asserted Claims" of the Patents-in-Suit). Infringement claim charts evidencing the correspondence between (i) the elements of the Asserted Claims, and (ii) the corresponding items of the Accused

---

[1] "Patented Technology" means all technologies described in the claims of the Patents-in-Suit.

3

Instrumentalities are attached hereto. Further, Exhibits 1-7, which are attached hereto and incorporated by reference, are exemplary infringement claim charts identifying specifically where each limitation of each Asserted Claim is found within each Accused Instrumentality or practiced by each Accused Instrumentality.

Plaintiffs assert that Defendant has directly infringed and continues to directly infringe the Asserted Claims literally through the Accused Instrumentalities by making, using, offering for sale, selling, and/or importing into the United States the Accused Instrumentalities. To the extent that Defendant alleges that one or more limitations of the Asserted Claims are not literally found in the Accused Instrumentalities, Plaintiffs allege that such limitations are found in or practiced by the Accused Instrumentalities under the doctrine of equivalents. Any differences alleged to exist between any of the Asserted Claims and any of the Accused Instrumentalities are insubstantial and that each Accused Instrumentality also meets each limitation under the doctrine of equivalents as the identified features of the Accused Instrumentality performs substantially the same function in substantially the same way to achieve substantially the same result as the corresponding claim limitation. IV reserves the right to assert infringement solely under the doctrine of equivalents with respect to any particular claim element(s), if warranted by discovery, further analysis, and/or claim constructions in this case.

These assertions are based upon Plaintiffs' diligent investigation to date, and without the benefit of any substantial discovery from the Defendant and without the benefit of the Court's claim construction. Plaintiffs reserve the right to add, delete, substitute or otherwise amend these infringement allegations based on discovery, the Court's claim construction, or other circumstances, in a manner consistent with the Federal Rules of Civil Procedure and the Court's rules, including the local Patent Rules.

Plaintiffs further assert that Defendant has indirectly infringed and continues to indirectly infringe by actively inducing infringement of one or more of the claims of the Asserted Patents through the Accused Instrumentalities. *See* Exhibits 1-7.

Plaintiffs also assert that these third parties directly infringe at least one or more of the claims of the Asserted Patents through the manufacture, use, sale, offer to sell, or importation of the Accused Instrumentalities. *See* Exhibits 1-7.

For example, Defendant has actively induced infringement by encouraging the use of the Accused Instrumentalities in ways that infringe each Asserted Claim. Defendant knew or should have known that such encouragement would induce infringement. Defendant has taken active steps with the specific intent to encourage and cause others to use each Accused Instrumentality in ways that infringes each Asserted Claim. Such active steps by Defendant with specific intent to induce infringement have included, among other things, advertising, promoting, marketing, making available for use, offering to sell, and/or selling the Accused Instrumentalities to others; encouraging and influencing others to import, offer to sell, and/or sell the Accused Instrumentalities; directing and instructing others to use the Accused Instrumentalities in infringing ways, including providing and promoting the described hardware and/or software components and features that when used in their normal and customary ways as intended and designed; and by providing the Accused Instrumentalities to others. Southwest has performed the aforementioned steps with the knowledge of the Asserted Patents through receipt of a letter dated September 30, 2024, and received by Defendant on the same date, and also as of the date when the complaint in this case was filed. Southwest has known or should have known that the acts it has induced constitute infringement because, for instance, it has been aware that its customers, employees, and/or third parties, such as vendors, will use the Accused Instrumentalities, resulting in direct infringement.

5

IV further reserves the right to supplement or revise its infringement contentions and/or charts. Such supplement may be based upon, for example, further discovery. Further, IV reserves the right to supplement or revise its infringement contentions and/or chart(s), including identification of additional asserted claims, based on, for example, new versions or variations of one or more of the accused products that are later discovered.

The Asserted Claims of the Patents in Suit are entitled to at least the priority dates identified below:

- Each of the Asserted Claims of the '844 Patent is entitled to a priority date of no later than December 30, 2004.

- Each of the Asserted Claims of the '722 Patent is entitled to a priority date of no later than December 18, 2000.

- Each of the Asserted Claims of the '785 Patent is entitled to a priority date of no later than March 21, 2003.

- Each of the Asserted Claims of the '326 Patent is entitled to a priority date of no later than January 12, 2004.

- Each of the Asserted Claims of the '469 Patent is entitled to a priority date of no later than September 29, 2003.

- Each of the Asserted Claims of the '582 Patent is entitled to a priority date of no later than March 13, 2002.

The subject matter described by the Asserted Claims may have been conceived and reduced to practice prior to these dates. Plaintiffs' research and analysis is ongoing, and Plaintiffs reserve the right to assert that the claims are entitled to a priority date that is earlier than the above dates.

Dated: February 10, 2025   Respectfully submitted,

By: */s/ Mark D. Siegmund*
Mark D. Siegmund (TX Bar No. 24117055)
msiegmund@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
7901 Fish Pond Road
Ste 2nd Floor
Waco, TX 76710
254-732-2242
Fax: 866-627-3509
Email: msiegmund@cjsjlaw.com

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
Jonathan Hicks (CA Bar No. 274634)
(Admitted in this District)
jhicks@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

*Attorneys for Plaintiffs*
*INTELLECTUAL VENTURES I LLC and*
*INTELLECTUAL VENTURES II LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically, via email, to all counsel of record, on this 10th day of February 2025.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop
