# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>    *Defendant*. | Civil Action No. 7:24-cv-00277-ADA<br><br>**JURY TRIAL DEMANDED** |

# DEFENDANT'S REPLY IN SUPPORT OF
# MOTION TO SEVER AND STAY CLAIMS
# AGAINST IN-FLIGHT CONNECTIVITY SYSTEMS

**INTRODUCTION**

Southwest's motion showed that a stay of claims against Viasat and Anuvu products will simplify this action by resolving major issues here and in I.V.'s parallel case against American Airlines. I.V. does not respond to the bulk of these points, devoting most of its brief to the "mere reseller" prong regarding one element of one patent. But the parties agree that the declaratory suits will resolve direct infringement, and that those actions "involve the same technology" as this one. The Court should accordingly grant Southwest's motion to sever and stay.

**ARGUMENT**

**I.        I.V. Overlooks the Paramount Considerations of Judicial Economy and Efficiency**

Southwest's motion explained that a stay will preserve judicial resources and promote efficiency by simplifying this action to address only the four patents that do not concern in-flight connectivity, and by avoiding I.V.'s multiple cases against the same products. In response, I.V. *avoids any mention* of its suit against American Airlines, or that AA has moved to sever and stay the same claims as here, or that AA has agreed to be bound by the Delaware litigation. *I.V. v. American Airlines, Inc.*, No. 24-980, Docket No. 20 (E.D. Tex. Feb. 14, 2025).

The parties agree, as I.V. states in Delaware, that this action and the declaratory action concerns the same question of "whether [Viasat's] in-flight connectivity systems directly or indirectly infringe any claims of the '326 Patent and '469 Patent," and that the issues between the cases "substantially overlap." *Viasat, Inc. v. I.V.*, No. 25-56, Docket No. 14 at 1, 6 (D. Del. Feb. 20, 2025). The parties further agree that these actions "involve the same technology." Opp. at 9. The parties thus agree that the Delaware actions will resolve the major issue of infringement of the accused Viasat and Anuvu products, even if they disagree on whether other issues would remain, making stay appropriate here. *SITO Mobile R&D IP, LLC v. SFA Holdings*

*Inc.*, No. 23-688, 2024 WL 3843804, at *2 (W.D. Tex. Apr. 19, 2024) ("guiding principles in the customer suit exception cases are efficiency and judicial economy").

## II.     Southwest is a "Mere Reseller"

I.V.'s allegations "rely almost exclusively on the underlying functionalities provided" by Viasat and Anuvu; Southwest is a "mere reseller" of the accused systems.  Mot. at 9-10; Exs. A-B.  Southwest does not provide *any* of the hardware, software, or connectivity services required to operate the accused in-flight WiFi systems.  Muhich Decl. ¶ 2.  They are designed, supplied, and managed exclusively by Viasat and Anuvu.  Muhich Decl. ¶¶ 2-3, 5.

### A.     Southwest is a "Mere Reseller" of the Accused Routers

I.V. ignores the '326 patent, thus conceding that, as its contentions claim, infringement occurs wholly within the Viasat Select Router and Anuvu Cabin Wireless LAN Unit.  Docket No. 1 ¶¶ 87-101; Ex. A.  With no opposition to the customer-suit exception on the '326 patent, the Court should grant Southwest's motion at least as to that patent.

### B.     Southwest is a "Mere Reseller" of the Accused In-Flight Connectivity Systems

I.V. focuses on element 24(d) of the '469 patent, which it alleges is met when Southwest "enables access to onboard WiFi" on user devices.  Ex. B at 20.  But Viasat and Anuvu provide the complete underlying technology, including operation of the passenger connectivity portal.  Muhich Decl. ¶ 3.  I.V. claims that the "web portal" is designed by Southwest because the login screen shows Southwest's logo and branding.  Opp. at 5.[1]  Even if that were so, it would not matter, because I.V. does not claim the login screen itself infringes, but instead alleges

---

[1] I.V. argues that the manufacturers "do not allege that they provide . . . the 'web ready device'" of claim 24.  Opp. at 5.  But I.V.'s contentions recite *end user devices* as meeting this element, alleging infringement requires only that those devices are "enabled" to authenticate a subscription account.  Although I.V.'s contentions reference seat-back devices, Southwest does not provide seat-back screens on any aircraft, and thus does not provide any "web ready device."

infringement by *enabling* authentication, thus accusing Viasat and Anuvu. Ex. B at 16-18, 32. I.V. cannot allege that Southwest infringes differently because its login screen says "Southwest" and includes a heart logo, especially when it accuses American Airlines using identical allegations. *I.V. v. American Airlines*, Docket No. 1-13.

I.V. also argues that Southwest is not a "mere reseller" because "Southwest incorporates" the accused products "into its aircraft." Opp. at 4. But that does not matter where, as here, "a customer-defendant is accused of merely using, operating, or promoting an accused product that had been developed and supplied by a third-party." *SITO*, 2024 WL 3843804, at *3. In *In re Google Inc.*, the Federal Circuit held that Android device makers were "mere resellers" of Android, although they had the "ability to modify and customize the Android platform to its own particular purposes," because plaintiff did not allege any modification relevant to infringement. 588 F. App'x 988, 990 (Fed. Cir. 2014); *see also, e.g.*, *CyWee Grp. Ltd. v. Huawei Device Co.*, No. 17-495, 2018 WL 4002776, at *6 (E.D. Tex. Aug. 22, 2018). I.V.'s cases hold only that a customer is not a "mere reseller" where it provides some act or component *required* to infringe, often for method claims.[2] Those cases have no bearing here, because I.V. does not say a component provided by Southwest is required to infringe. Exs. A-B. I.V. confirms here and in Delaware that it claims direct infringement by Viasat and Anuvu. Opp. at 1 ("manufacturers are not the *sole* infringers") (emphasis added). Southwest is accordingly a "mere reseller."

---

[2] *Fleet Connect Sols., LLC v. Precision Drilling Corp.*, No. 21-987, 2022 WL 2373711, at *2 (W.D. Tex. June 30, 2022) ("the large majority" are "method claims, the steps of which are performed by [defendant]."); *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 15-1202, 2016 WL 1659924 at *3-4 (E.D. Tex. Apr. 26, 2016) (same); *Liberty Access Techs. Licensing LLC v. Wyndham Hotels and Resorts, Inc.*, No. 24-125, 2024 WL 4729750, at *2 (E.D. Tex. Nov. 8, 2024) (customer product required "to satisfy certain elements"). *Rembrandt Wireless Techs., LP v. Apple Inc.*, did not turn on mere "incorporation" of chipsets, but the fact that only some accused products used them. No. 19-25, 2019 WL 6344471, at *3 (E.D. Tex. Nov. 27, 2019) (presence of "Apple-manufactured chipsets proves fatal to the customer-suit analysis.").

## II. Southwest's Agreement to Be Bound Will Resolve Infringement

I.V. argues that "an infringement determination in the Delaware actions will not necessarily resolve the direct infringement claims against Southwest." Opp. at 6 n.5. But because Southwest agrees to be bound by the Delaware infringement ruling, those rulings *will* resolve infringement here. I.V. admits in Delaware that "the issues ViaSat purportedly seeks to resolve through its declaratory judgment action substantially overlap with issues that will be presented and decided" here. *Viasat v. I.V.*, Docket No. 14 at 1 (D. Del. Feb. 20, 2025). This factor favors stay. *In re Google*, 588 F. App'x at 990. ("Respondents themselves have asserted that the proceedings involve substantially the same controversy.").

## III. I.V. Identifies No Sources of the Accused Products Beyond Viasat and Anuvu

Although Viasat and Anuvu have each filed declaratory judgment actions, I.V. argues that neither is the "only source of the infringing product" because they "both" provide the accused products to Southwest. Opp. at 8. I.V. thus argues that multiple manufacturers can never meet this factor, even if all of them seek declaratory relief.[3] This Court has already "reject[ed] that distinction as specious." *Kirsch Rsch. & Dev., LLC v. Bluelinx Corp.*, No. 20-316, 2021 WL 4555803, at *5 (W.D. Tex. Oct. 4, 2021). This factor favors stay.

## IV. I.V. Overlooks The Traditional Stay Factors

I.V. devotes little time to the traditional stay factors, ignoring entirely the third and fourth factors. On the first and second factors, I.V. argues that a stay would prejudice I.V. because it would take longer to recover against Southwest, specifically, and "risk spoliation of infringement evidence." Opp. at 9. I.V. cites no basis for spoliation risk during a stay where other claims

---

[3] *Fleet* did not consider this factor. 2022 WL 2373711; *Liberty* found that the claimed customer was not a customer. 2024 WL 4729750, at *3; and *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, included both "other software vendors" and "companies that are not customers of Tegic," neither of which is true here. 458 F.3d 1335, 1343 (Fed. Cir. 2006).

– 4 –

against Southwest will proceed. *Id.* I.V. next suggests that because "these actions involve the same technology," it must "transport documentary evidence of Southwest's use" to Delaware. *Id.* at 9-10. This is incorrect. This Court can resolve Southwest's use once the declaratory actions determine which products infringe. I.V. cannot identify any prejudice that would outweigh simplification of this action. *CyWee*, 2018 WL 4002776 at *3 ("the interest in timely enforcement is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion.") (quotation omitted); *Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 21-1284, 2022 WL 545051, at *5 (W.D. Tex. Feb. 23, 2022).[4]

## V.    There Are No Additional Facts Necessary to Resolve this Motion

I.V. lastly invites the Court to order "limited discovery to supplement the record." Opp. at 1 n.2. I.V. claims "[t]his Court has granted limited discovery in similar situations," but cites no case doing so from this Court, and Southwest has found none. I.V. has presented no reason to deviate from the usual rule that "[t]he Court will not deny a stay under the customer-suit exception where Plaintiff merely speculates that it may be able to discover other infringing products that its pre-suit diligence did not reveal." *Kirsch*, 2021 WL 4555803, at *4.

## CONCLUSION

For the reasons set forth above and in its motion, Southwest requests that the Court sever and stay Intellectual Ventures' claims regarding Viasat's and Anuvu's in-flight connectivity systems pending resolution of the Delaware Actions.

---

[4] I.V. argues "no connection to the state of Delaware." Opp. at 2. This is false. Anuvu, Viasat, and the two I.V. plaintiffs are all incorporated in Delaware, and proceeding there would permit I.V. to compel the relevant witnesses with knowledge of the accused functionality to appear at trial, which it cannot do here. Mot. at 2, 4.
   I.V. also argues that the motion is "silent with regards to who has possession, custody, and control of relevant documents and witnesses []." Opp. at 4. Not so. Both the Motion and Muhich declaration confirm that Viasat and Anuvu maintain the relevant evidence, not Southwest. Mot. at 8-9; Muhich Decl. ¶ 4.

Date:  February 26, 2025                    Respectfully submitted,

*/s/ S. Wallace Dunwoody*
Michael C. Wilson
State Bar No. 21704590
mwilson@munckwilson.com
S. Wallace Dunwoody
State Bar No. 24040838
wdunwoody@munckwilson.com
**Munck Wilson Mandala, LLP**
2000 McKinney Avenue, Suite 1900
Dallas, TX 75201
(972) 628-3600
(972) 628-3616 fax

David G. Henry
Texas Bar No. 09479355
dhenry@munckwilson.com
**Munck Wilson Mandala, LLP**
510 Austin Avenue, Suite 3100
Waco, Texas 76701
(254) 362-2300
(254) 362-2304 fax

Tri T. Truong
Texas State Bar No. 24102969
ttruong@munckwilson.com
**Munck Wilson Mandala, LLP**
807 Las Cimas Parkway, Suite 300
Austin, Texas 78756
737-201-1600
737-201-1601 fax

*Attorneys for Southwest Airlines Co.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 26, 2025, the foregoing document was served on all counsel of record via the Court's CM/ECF system.

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody
