# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Civil Action No. 7:24-cv-00277-ADA<br><br>JURY TRIAL DEMANDED |

## DEFENDANT SOUTHWEST AIRLINES CO.'S
## MOTION TO TRANSFER VENUE

## **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................. 1

II.  FACTS .................................................................................................................................. 2

    A.  Southwest Airlines Is Headquartered in Dallas, Where Relevant Employees and Operations Are Located. ........................................................................................... 2

    B.  Relevant Documents and Data Are Stored in Cloud Environments or Facilities in and Around Dallas. ......................................................................................................... 3

    C.  Southwest Has No Relevant Presence in the Western District of Texas. ........................ 3

    D.  Plaintiffs Are Delaware Companies Based in Washington. ............................................ 3

III. LEGAL STANDARD .......................................................................................................... 4

IV.  ARGUMENT ........................................................................................................................ 5

    A.  This Case Could Have Been Filed In the Northern District of Texas. ............................ 5

    B.  The Private Interest Factors Favor Transfer. ................................................................... 5

        1.  The Relative Ease of Access to Sources of Proof Strongly Favors Transfer. .......... 5

        2.  The Availability of Compulsory Process for Witnesses Favors Transfer. ............... 6

        3.  The Cost of Attendance for Willing Witnesses Strongly Favors Transfer. ............. 6

        4.  Other Practical Considerations Are Neutral. ............................................................ 8

    C.  The Public Interest Factors Favor Transfer. .................................................................... 8

        5.  Court Congestion Is Neutral. ..................................................................................... 8

        6.  The Local Interest Factor Strongly Favors Transfer to the Northern District of Texas. ........................................................................................................ 8

        7-8. Remaining Factors Are Neutral. ............................................................................... 9

V.   CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Action Indus., Inc. v. U.S. Fid. & Guar. Co.*,
   358 F.3d 337 (5th Cir. 2004) ................................................................................................4

*In re Adobe Inc.*,
   823 F. App'x 929 (Fed. Cir. 2020) .......................................................................................8

*In re Apple Inc.*,
   No. 2020-127, 2020 WL 3249953 (Fed. Cir. June 16, 2020) ...............................................6

*Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*,
   No. 6:15-cv-00091, 2016 WL 6909479 (W.D. Tex. Jan. 28, 2016) .....................................6

*Fintiv Inc. v. Apple Inc.*,
   No. 6:18-cv-00372, 2019 WL 4743678 (W.D. Tex. Sept. 10, 2019) ...................................5

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009)..........................................................................................5, 6

*Gesture Tech. Partners, LLC v. Apple Inc.*,
   No. 6:21-cv-00121-ADA, 2022 WL 3592451 (W.D. Tex. Aug. 22, 2022) .........................8

*In re Google LLC*,
   58 F.4th 1379 (Fed. Cir. 2023) ..........................................................................................1, 8

*In re Google LLC*,
   No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) ..............................................5

*In re HP Inc.*,
   826 F. App'x 899 (Fed. Cir. 2020) .......................................................................................6

*Lionra Tech. Ltd. v. Apple Inc.*,
   No. 22-cv-351, Dkt. 73 (W.D. Tex. May 9, 2023) ...............................................................6

*In re Nintendo Co., Ltd.*,
   589 F.3d 1194 (Fed. Cir. 2009)............................................................................................7

*In re Planned Parenthood Fed. of Am., Inc.*,
   52 F.4th 625 (5th Cir. 2022) ................................................................................................4

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   581 U.S. 258 (2017)..............................................................................................................5

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) ................................................................................................4

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ...............................................................................1, 4, 7, 8

*Word to Info, Inc. v. Facebook, Inc.*,
    No. 14-CV-04387, 2015 WL 13870507 (N.D. Tex. Jul. 23, 2015) ..........................................8

**Statutes**

28 U.S.C. § 1391 ...............................................................................................................5

28 U.S.C. § 1400(b) ..........................................................................................................5

28 U.S.C. § 1404(a) ......................................................................................................1, 4

Defendant Southwest Airlines Co. ("Southwest") requests transfer of this action to the United States District Court for the Northern District of Texas, Dallas Division, under 28 U.S.C. § 1404(a). The Northern District of Texas is clearly the more convenient forum for this case. Southwest is headquartered in Dallas, where relevant witnesses, documents, and sources of proof are located. The Western District of Texas, Midland/Odessa Division, has no meaningful connection to this case.

## I.     INTRODUCTION

This is a patent infringement action brought by Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Intellectual Ventures" or "IV"), Delaware companies headquartered in Bellevue, Washington. Southwest is a Texas corporation headquartered in Dallas, Texas. This case should be transferred to the Northern District of Texas, Dallas Division, because "[t]he center of gravity of this action, focusing on the *Volkswagen* factors and the overriding convenience inquiry," is Dallas, not Midland/Odessa. *In re Google LLC*, 58 F.4th 1379, 1385 (Fed. Cir. 2023). Indeed, the Northern District of Texas would also have been a proper venue for IV's near-identical suit against American Airlines—filed the same day, asserting the same patents against the same products—because American Airlines is also based in the Northern District of Texas.

After a diligent investigation comparing this District to the Northern District of Texas, all relevant witnesses and sources of proof appear to be in Dallas. Southwest has not identified any relevant witnesses or sources of proof located in the Western District of Texas. Intellectual Ventures' Complaint likewise has not identified any meaningful connection to the Western District of Texas. Under Fifth Circuit law, every private and public interest factor favors transfer or is neutral, and no factor supports keeping this case in Midland/Odessa. Accordingly, transfer is warranted.

1

## II.     FACTS

Intellectual Ventures filed this patent infringement lawsuit on November 2, 2024, accusing Southwest of infringing U.S. Patent Nos. 8,332,844 (the "'844 Patent"); 8,407,722 (the "'722 Patent"); 7,949,785 (the "'785 Patent"); 8,027,326 (the "'326 Patent"); 7,324,469 (the "'469 Patent"); and 7,257,582 (the "'582 Patent") (collectively, the "Asserted Patents"). The same day, IV separately sued another DFW-based airline, American Airlines, in the Eastern District of Texas alleging infringement of the same Asserted Patents.[1] Exhibit A to this motion is a sworn declaration from Shaun Tune, Southwest's Director of Enterprise Architecture (cited as "Decl.").

### A.     Southwest Airlines Is Headquartered in Dallas, Where Relevant Employees and Operations Are Located.

Southwest is a Texas corporation headquartered in Dallas, where executive leadership, corporate decision-making, and business operations occur. Decl. ¶2. Southwest's technology, legal, finance, compliance, and engineering teams are based in Dallas, where Southwest oversees company-wide policies, software systems, IT infrastructure, and vendor relationships. *Id.* ¶3.

Based on a diligent investigation, Southwest believes that all employees with knowledge potentially relevant to this case are based in Dallas. *Id.* ¶¶1, 4. These employees include system architects, software engineers, IT administrators, cybersecurity specialists, enterprise architects, and others supporting Southwest's IT infrastructure and cloud-based platforms. *Id.* ¶5. Southwest has not identified any employees in Midland/Odessa or elsewhere in the Western District of Texas with relevant knowledge. *Id.* ¶7. In its Complaint, Intellectual Ventures identified various

---

[1] Southwest has separately moved to sever and stay claims related to the '469 and '326 patents (the "Wi-Fi System Patents"). Dkt. 17. Southwest's motion to sever and stay is fully briefed in Defendant's Motion to Sever and Stay Claims Against In-Flight Connectivity Systems Based on the Customer-Suit Exception ("Motion to Sever and Stay"). *See id.*

2

individuals supposedly familiar with accused technology in use at Southwest; of those Southwest could identify as actual employees or contractors, all worked in Dallas. *Id.* ¶5.

### B. Relevant Documents and Data Are Stored in Cloud Environments or Facilities in and Around Dallas.

Southwest's pertinent business and technical records are either stored in cloud environments managed by Amazon Web Services ("AWS") and Red Hat OpenShift or housed in technology facilities in the Dallas area. *Id.* ¶8. Any access to those IT systems, network infrastructure, or records would need to be facilitated by IT personnel in Dallas. *Id.* ¶9.

Likewise, the physical computer resources used by Southwest—such as servers, workstations, and development machines—are either in Dallas or hosted in cloud environments. *Id.* ¶7. Southwest's vendor relationships, including contracts and business dealings related to AWS and Red Hat OpenShift, are managed in Dallas. *Id.* ¶¶3, 9. Dallas employees oversee software licensing, IT procurement, and cloud computing infrastructure. Upon a reasonable investigation, no witnesses, physical items, or records likely to be relevant to this case are located in Midland/Odessa or elsewhere in the Western District of Texas. *Id.* ¶¶8-9, 17-18.

### C. Southwest Has No Relevant Presence in the Western District of Texas.

Southwest operates airport gate terminals in Midland, Austin, San Antonio, and El Paso with personnel and infrastructure to support travel needs and flight operations. *Id.* ¶10. But the employees in those locations are not responsible for IT infrastructure, technology, corporate decisions, or other matters likely relevant to this case. *Id.* ¶11. Their work relates to local airport operations and should have no relevance to this litigation. *Id.* ¶12.

### D. Plaintiffs Are Delaware Companies Based in Washington.

Intellectual Ventures I LLC is a Delaware limited liability company with its principal place of business in Bellevue, Washington. Compl. Dkt.#1 ¶2. Intellectual Ventures II LLC is also a

3

Delaware limited liability company headquartered in Bellevue, Washington. *Id.* ¶3. Intellectual Ventures does not allege that it has offices, employees, or operations in the Western District of Texas, nor does the Complaint identify any witnesses or sources of proof in this District.

### III.  LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district where the case could have been filed if transfer is for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Under § 1404(a), a party moving to transfer venue must first show that the claims "might have been brought" in the proposed transferee district. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312-13 (5th Cir. 2008) ("*Volkswagen II*"). If the destination venue is a proper venue, "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (internal citation omitted); *In re Planned Parenthood Fed. of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

The Fifth Circuit assesses transfer requests using well-established private and public interest factors: "'(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 314 (quoting *Volkswagen I*). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Id.*

## IV.    ARGUMENT

**A.    This Case Could Have Been Filed In the Northern District of Texas.**

As a threshold matter, this case "might have been brought" in Dallas. Under 28 U.S.C. § 1400(b), venue is proper where a defendant "resides." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017). Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391 and § 1400(b) because: Southwest is headquartered in Dallas; Dallas is the main hub for Southwest's business operations; and Dallas is where most relevant activities and decision-making occurs. There should be no dispute venue would have been proper in the Northern District of Texas.

**B.    The Private Interest Factors Favor Transfer.**

    **1.    The Relative Ease of Access to Sources of Proof Strongly Favors Transfer.**

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Moreover, the Court should consider "the location of document custodians and location where documents are created and maintained, which may bear on the ease of retrieval." *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021).

Southwest's relevant technical and business records are either stored in cloud environments managed by AWS or housed at facilities around Dallas. Decl. ¶7. Access to those systems and related data has to be facilitated by employees in Dallas. *Id.* ¶¶8, 13-14. The relevant people and equipment are in the Northern District of Texas, not in Midland/Odessa. *Id.* ¶¶7-8, 13-14.

5

Thus, the Northern District of Texas is the most convenient location for accessing relevant sources of proof, making this factor weigh strongly in favor of transfer.

### 2.     The Availability of Compulsory Process for Witnesses Favors Transfer.

The ability to compel the attendance of non-party witnesses is another factor in the transfer analysis. *In re HP Inc.*, 826 F. App'x 899, 902 (Fed. Cir. 2020). The Northern District of Texas will have subpoena power over independent contractors, former employees, and technology vendors who currently work or previously worked with Southwest's IT and business operations in Dallas. Decl. ¶¶4-5. Southwest recently announced a workforce reduction focused on corporate overhead and leadership positions in Dallas, which will impact approximately 1,750 roles in Dallas, including at least one person IV identified by name in the Complaint exhibits as having knowledge regarding the accused technology. *Id.* ¶5. With venue in Dallas, subpoena power over Mr. Alagumalai and others would be available—but not if the case stays in Midland/Odessa. Further, third-party vendor relationships are managed and supported in Dallas, not Midland/Odessa, which would likely provide access to potential third-party witnesses in Dallas that would not be available in Midland/Odessa. *Id.* ¶¶6-9. Because the Dallas Division provides superior access to third-party witnesses, including at least one witness Intellectual Ventures has identified as having relevant knowledge, this factor strongly favors transfer.

### 3.     The Cost of Attendance for Willing Witnesses Strongly Favors Transfer.

The convenience of witnesses is the most important factor in the transfer analysis. *In re Apple Inc.*, No. 2020-127, 2020 WL 3249953, at *2 (Fed. Cir. June 16, 2020); *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009); *Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*, No. 6:15-cv-00091, 2016 WL 6909479, at *7 (W.D. Tex. Jan. 28, 2016); *Lionra Tech. Ltd. v. Apple Inc.*, No. 22-cv-351, Dkt. 73, at 8 (W.D. Tex. May 9, 2023). "[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue

6

chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). In the Fifth Circuit, if the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience to witnesses increases in direct relationship to the additional distance they must travel if the matter is transferred. *Volkswagen II*, 545 F.3d at 317.

Based on a diligent inquiry and available information, Southwest has identified 15 specific software engineers, system architects, IT administrators, and executives based in Dallas who are potential or likely witnesses for this case. Decl. ¶¶4-9, 13-17. By contrast, Southwest has identified no one in Midland/Odessa or elsewhere in the Western District of Texas likely to have relevant information. *Id.* Requiring these witnesses to travel over 300 miles for hearings and trial would impose significant time, cost, and logistical burdens on them that would be substantially reduced if the case were transferred to Dallas. *Id.* ¶16. On the other hand, IV has identified no witnesses in Midland/Odessa who would be inconvenienced by transfer, reinforcing that this factor strongly supports transfer.

If this case remains in the Western District, Southwest's witnesses will be required to spend multiple days away from work and home, whereas a trial in the Northern District of Texas would require significantly less travel and disruption. Such travel burden strongly supports transfer. *See Volkswagen II*, 545 F.3d at 317 ("Witnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family and community."). Accordingly, it would be clearly more convenient for these Dallas-based witnesses to attend trial in the Northern District of Texas. *Id.* (recognizing the "obvious conclusion" that "it is more convenient for witnesses to testify at home"). Because all known relevant witnesses are in Dallas and none are in Midland/Odessa, this factor weighs strongly in favor of transfer.

7

### 4. Other Practical Considerations Are Neutral.

The final factor is neutral here. No related cases are pending in the Western District of Texas that would justify keeping this case in Midland/Odessa. The Northern District of Texas has substantial experience handling patent litigation, making it equally capable of efficiently managing this case. Accordingly, this factor is neutral.

## C. The Public Interest Factors Favor Transfer.

### 5. Court Congestion Is Neutral.

The court congestion factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020). The Federal Circuit has concluded that this factor should not weigh against transfer when plaintiff "is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution." *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023). Here, Intellectual Ventures does not appear to be currently engaged in product competition in the marketplace and cannot be threatened in the market in a way that might add urgency to case resolution. *See id.* Indeed, Intellectual Ventures has not asked for an injunction in its prayer for relief, further demonstrating that there is no urgency in resolving this case. Accordingly, this factor is neutral.

### 6. The Local Interest Factor Strongly Favors Transfer to the Northern District of Texas.

Courts must evaluate whether there is a local interest in deciding the issues at home. *Volkswagen II*, 545 F.3d at 317. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 14-CV-04387, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). As this Court has previously noted, "this factor focuses on the events giving rise to the suit, instead of where a party maintains a footprint." *Gesture*

*Tech. Partners, LLC v. Apple Inc.*, No. 6:21-cv-00121-ADA, 2022 WL 3592451, at *6 (W.D. Tex. Aug. 22, 2022). The local interest in having localized interests decided at home strongly favors transfer to the Northern District of Texas.

In 1971, Southwest began its flight operations with flights operating exclusively to/from Dallas Love Field in Dallas. For over a half century, Southwest's headquarters and core business operations have been based in Dallas. As one of the largest and most recognized companies/employers in Dallas, Southwest is an important part of the Dallas community. Dallas is the only permissive venue with a strong local interest in this case. Decl. ¶¶10-14.

Intellectual Ventures has no presence in the Western District of Texas whatsoever, nor does Intellectual Ventures conduct business activities in Texas that relate to the accused technology. Under these circumstances, the Northern District of Texas has a compelling local interest in adjudicating a dispute implicating Southwest's business and technology operations. Because the Northern District of Texas has a direct interest in this case, this factor weighs heavily in favor of transfer.

### 7-8.    Remaining Factors Are Neutral.

The remaining public interest factors—familiarity with the governing law and avoidance of conflict-of-law issues—are neutral, as there are no perceived conflicts of law and both courts are equally competent to apply federal patent law.

### V.    CONCLUSION

Every private and public interest factor either favors transfer or is neutral—none support keeping this case in Midland/Odessa. The Northern District of Texas, Dallas Division, is clearly the more convenient forum, as relevant witnesses, records, and corporate operations are based in Dallas. No meaningful connection exists between this dispute and the Western District of Texas.

Accordingly, Southwest respectfully requests that the Court grant this motion and transfer this case to the Northern District of Texas, Dallas Division.

Date:  February 28, 2025 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ S. Wallace Dunwoody*
**Michael C. Wilson**
Texas Bar No. 21704590
mwilson@munckwilson.com
**S. Wallace Dunwoody**
Texas Bar No. 24040838
wdunwoody@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
2000 McKinney Avenue, Suite 1900
Dallas, Texas 75201
(972) 628-3600
(972) 628-3616 fax

**David G. Henry**
Texas Bar. No. 09479355
dhenry@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
510 Austin Avenue, Suite 3100
Waco, Texas 76701
(254) 362-2300

**Tri T. Truong**
Texas Bar No. 24102969
ttruong@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
807 Las Cimas Parkway, Suite 300
Austin, Texas 78756
737-201-1600

*Attorneys for Southwest Airlines Co.*

## CERTIFICATE OF CONFERENCE

I, the undersigned counsel, hereby certify that I conferred with Jon Waldrop, Will Ellerman, and other counsel for Plaintiffs on February 3, 2025, regarding the relief requested herein. Plaintiffs are opposed to the relief requested by this motion.

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was filed and served to all counsel of record using the Court's CMECF system on February 28, 2025.

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody

6970666