**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,** | § § § | |
| **Plaintiffs,** | § § | **Civil Action No. 7:24-cv-00277-ADA** |
| **v.** | § § | **JURY TRIAL DEMANDED** |
| **SOUTHWEST AIRLINES CO.,** | § § | |
| **Defendant.** | § § | |

**DEFENDANT'S NOTICE OF PARTIAL OPPOSITION TO**
**PLAINTIFF'S "UNOPPOSED" MOTION FOR LEAVE (DKT#37)**

Defendant Southwest Airlines Co. ("Southwest") respectfully files this Notice of Partial Opposition to correct the record concerning Plaintiffs' Sealed "Unopposed" Motion for Leave to File Amended Complaint (Dkt. 37) and Joint Motion to Amend Scheduling Order (Dkt. 38). Those pleadings state that the motion (as filed) is unopposed and misstate the facts about the parties' meet and confer process.

In truth, Plaintiffs conferred with Defendant about adding *four* patents to the case. Plaintiffs never disclosed during the parties' conferences that they would seek to assert *five*. Instead, after the parties reached agreement on an amendment (and revised schedule) to add four new patents, Plaintiffs *unilaterally* added a fifth patent—without consent, without notice, and without conferral—and filed their motion as "unopposed" after Defendant stated in writing that Plaintiffs' draft motion was inaccurate.

## I.    BACKGROUND

On May 20, 2025, counsel for Intellectual Ventures ("IV") emailed counsel for Southwest to initiate a meet and confer about seeking leave to amend the complaint. The May 20 email states that IV "intends to move for leave to add *four additional patents*." *See* Exhibit A-1. The parties conferred on May 21 and again on May 23. In each call, counsel for IV and Southwest discussed IV's intent to assert four new patents, not five. With this understanding, the parties negotiated a revised scheduling order.

On the evening of Friday, May 23, 2025, at 7:27 PM, IV circulated draft filings—which for the first time indicated that IV proposed to assert five new patents instead of four. *See* Exhibit A-2. Southwest's counsel responded from an iPhone, pointing out the apparent error: "We noticed that [the drafts] refer to five additional patents instead of four, and that the motion for leave states the original complaint asserted 5 patents when 6 patents were asserted." *See* Exhibit A-3.

Later on Friday night, IV replied: "Thank you for your approval to file. We will revise as to the 6 patents originally asserted. There are 5 additional patents to be asserted in the amended complaint. We will finalize and file shortly." *See* Exhibit A-4. As this email arrived late on the Friday before Memorial Day weekend, Southwest did not immediately respond. Nonetheless, Southwest *never* agreed that IV could add an additional (fifth) patent.

The next morning, on May 24, 2025, at 8:11 a.m., Southwest's lead counsel, Michael Wilson, followed up:

> Intellectual Ventures requested to confer on amending the complaint to add four patents, not five. That is what we discussed on the call and what we discussed with our client. It is inappropriate and unprofessional to "sneak in" another patent.

Exhibit A-5. IV did not acknowledge the error. IV did not claim the inclusion of the fifth patent was accidental or offer to address the issue. IV did not modify the certification that their motion (as filed) was unopposed. Rather, in a later email on May 25, 2025, IV asserted that "Southwest's agreement not to oppose IV's Motion for Leave to Amend was not conditioned on the number of patents." Exhibit A-6. That is false. Southwest's position *was* based on IV's express representation that it intended to add *four* patents, and Southwest explicitly objected to inclusion of a fifth patent in its email providing comments on the draft motion. Even so, IV now claims that its May 23 email announcing "five additional patents" constituted "clear" notice and implied that it had authority to proceed without consent.

## II.    NOTICE OF PARTIAL OPPOSITION

Southwest does not oppose the motion for leave *to the extent it seeks to assert four additional patents as discussed during the parties' conferral*. Southwest did not consent to a fifth patent, was not told during the parties' conferences that another patent would be added, and was denied the opportunity to discuss or evaluate its inclusion. Moreover, Plaintiffs' representation in its motion that it conferred on May 20 about adding five new patents is *false* (as shown by the email itself). *See* Exhibit A-1. IV's assertion that their motion was "unopposed" (as filed) also is false.

This Court's Local Rule CV-7(g) requires that a motion be labeled unopposed only if "there is no opposition to any of the relief requested." Here, Defendants expressly opposed the addition of the fifth patent. Yet, Plaintiffs affirmatively stated in Dkt. 38 that "on May 20, 2025," IV told Southwest it would seek to add "five (5)" patents. That statement is inaccurate. The May 20 email referred to "four," not five; the number five did not appear until 8:25 p.m. on May 23—long after the parties had finished negotiating the amended schedule.

Plaintiffs' conduct violates basic duties of candor and fair dealing. Courts do not—and should not—reward such gamesmanship and false certification. *See In re Grodner*, 587 F. App'x 166, 170 (5th Cir. 2014) (60-day suspension for falsely representing motions as unopposed); *In re Violation of Revised Protocols for In-Person Arguments and Related Order*, 26 F.4th 1270, 1274–75 (Fed. Cir. 2022) (criticizing counsel for violating court protocols and related order rather than seeking proper relief).

### III.    REQUESTED RELIEF

Southwest respectfully requests that the Court:

1.    Take notice that Plaintiffs' motion (Dkt. 37) is opposed in part;

2.    Require that Plaintiffs submit a proposed Amended Complaint asserting only four new patents;

3.    Otherwise grant the relief requested in the Motion for Leave (Dkt. 37) and Joint Motion to Amend (Dkt. 38); and

4.    Grant any other relief to which Southwest is entitled.

Date: May 27, 2025                              Respectfully submitted,

                                                */s/ S. Wallace Dunwoody*
                                                Michael C. Wilson
                                                State Bar No. 21704590
                                                mwilson@munckwilson.com
                                                S. Wallace Dunwoody
                                                State Bar No. 24040838
                                                wdunwoody@munckwilson.com
                                                **Munck Wilson Mandala, LLP**
                                                2000 McKinney Avenue, Suite 1900
                                                Dallas, TX 75201
                                                (972) 628-3600
                                                (972) 628-3616 fax

David G. Henry
Texas Bar. No. 09479355
dhenry@munckwilson.com
**Munck Wilson Mandala, LLP**
510 Austin Avenue, Suite 3100
Waco, Texas 76701
(254) 362-2300
(254) 362-2304 fax

Tri T. Truong
Texas State Bar No. 24102969
ttruong@munckwilson.com
**Munck Wilson Mandala, LLP**
807 Las Cimas Parkway, Suite 300
Austin, Texas 78756
737-201-1600
737-201-1601 fax

*Attorneys for Southwest Airlines Co.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 27, 2025, the foregoing document has been served on all counsel of record via the Court's CM/ECF system.

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody

7133064

5