UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>*Defendant.* | Civil Action No. 7:24-cv-00277-ADA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' RESPONSE TO DEFENDANT
SOUTHWEST AIRLINES CO.'S NOTICE OF PARTIAL OPPOSITION TO
PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE (DKT. #37)**

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV" or "Plaintiffs") respectfully submit this response to Defendant Southwest Airlines Co.'s ("Southwest" or "Defendant") Notice of Partial Opposition to Plaintiffs' Unopposed Motion for Leave to Amend (Dkt. 37) and Joint Motion to Amend Scheduling Order (Dkt. 38) ("Partial Opposition").[1]

IV has since agreed to assert only four additional patents in the present action — rather than the originally proposed five. Southwest's gross mischaracterizations and accusations of impropriety and unprofessionalism are not only baseless but are also contradicted by the record. The suggestion that IV acted improperly or attempted to "sneak in" a patent is entirely unfounded. In fact, IV had been prepared to provide Southwest with the amended complaint and accompanying infringement charts in full — prior to filing — had Southwest agreed during the parties' meet-and-confer not to file a declaratory judgment action. Southwest did not. This procedural decision by Southwest is the root cause of the confusion it now seeks to blame on IV.

Despite this, IV has acted diligently and in good faith throughout the process, including cooperating with Southwest to modify the case schedule to avoid any potential prejudice. IV made multiple efforts to address Southwest's concerns and to resolve the matter without burdening the Court. Rather than engaging constructively, however, Southwest declined those efforts and instead filed its Notice of Partial Opposition — precisely the unnecessary motion practice IV sought to avoid. Ironically, IV has already agreed to the very relief Southwest requests in its filing: an amended complaint asserting four — not five — additional patents. To date, Southwest has not withdrawn its Partial Opposition.

---

[1] Submitted herewith is the May 29, 2025 Declaration of John W. Downing. Exhibits to the Downing Declaration are referred to herein as "Ex.__."

I.   **FACTUAL BACKGROUND**

The record, including the Southwest's own exhibits attached to its Partial Opposition, reflects the following facts:

- On May 20, 2025, at 2:05 p.m., IV's counsel emailed Southwest's counsel to inform them of IV's intent to add four additional patents by Friday, May 23, 2025, and offered to meet and confer regarding the same. *See* Ex. 1. IV intended to use the phrase "four or more" additional patents. *See* Declaration of John W. Downing ("Downing Decl.") at ¶ 5.

- On May 21, 2025, the parties met and conferred. During the meet-and-confer, IV discussed the addition of new patents. Southwest indicated it would not oppose a motion to amend the complaint so long as the schedule was adjusted to provide additional time to serve preliminary invalidity contentions. Southwest requested a copy of the amended complaint. IV explained that it would only provide a copy of the amended complaint if Southwest agreed not to file a declaratory judgment action. Southwest declined. At no point did Southwest raise concerns over whether the number of patents would be four, five, or more. *See* Downing Decl. at ¶ 2.

- On May 22, 2025, at 11:17 a.m., Southwest's counsel emailed IV's counsel, "As discussed yesterday, we are concerned with the logistics of how adding new patent claims at this point will impact the current case schedule. Please send us your proposal for how to modify the case schedule to accommodate adding the new patent claims." Southwest's counsel, again, did not raise concerns over the number of patents to be added in the Amended Complaint. *See* Ex. 2.

- On May 22, 2025, at 1:01 p.m., IV's counsel circulated a proposed amended scheduling order to Southwest's counsel. IV's counsel also stated, "To be clear, IV has no interest in pursuing claims that your clients can confirm after a reasonable investigation that you do not perform at all. To this end, please let us know if Southwest will provide a declaration confirming

no unlicensed use of Kubernetes, Spark, and Hadoop or reasonably similar technology during the damages time period." Southwest did not provide a response on this issue. *See* Ex. 3.

- On May 23, 2025, the parties met and conferred again about the amended scheduling order. The number of patents or technologies was not discussed. *See* Downing Decl. at ¶ 3.

- On May 23, 2025, at 5:25 p.m., Southwest's counsel emailed IV's counsel about agreed changes to the proposed amended scheduling order. *See* Ex. 4.

- On May 23, 2025, at 5:27 p.m., IV's counsel circulated drafts of the Unopposed Motion for Leave to File Amended Complaint and Joint Motion to Amend Scheduling Order (collectively, "Draft Motions"). *See* Ex. 5.

- On May 23, 2025, at 6:21 p.m. — ***within an hour*** of receiving the Draft Motions – Defendant's counsel replied stating "[w]e noticed that they refer to five additional patents instead of four, and the motion for leave states the original complaint asserted 5 patents when 6 patents were asserted. Otherwise, the draft motions seem fine." *See* Ex. 6.

- On May 23, 2025, at 6:26 p.m. — ***within four minutes*** of receiving Defendant's counsel's email, IV's counsel replied confirming that it would be filing five additional patents stating "[t]hank you for your approval to file. We will revise as to the 6 patents originally asserted. There are 5 additional patents to be asserted in the amended complaint. We will finalize and file shortly." *See* Ex. 7.

- On May 23, 2025, having received no objections from Southwest for over three hours, and with the filing deadline, IV filed its Unopposed Motion for Leave to File Amended Complaint (Dkt. 37) at 9:44 p.m. and Joint Motion to Amend Scheduling Order (Dkt. 38) at 10:47 p.m. *See* Exs. 8 & 9.

3

- On May 24, 2025, at 5:48 a.m. – ***almost 12 hours*** after receiving IV's counsel's email and well after IV filed its Unopposed Motion for Leave to File Amended Complaint – Southwest's counsel replied stating "[p]lease hold off on filing this. We will follow up later today." *See* Ex. 10.

- On May 24, 2025, at 6:11 a.m., Southwest's counsel accused IV's counsel of "sneak[ing] in another patent" and such conduct being "inappropriate and unprofessional." *See* Ex. 11.

- On May 25, 2025, at 6:25 p.m., IV's counsel responded to Southwest, clarifying that (1) IV did not attempt to "sneak in" one additional patent, (2) the parties did not discuss the specific number of patents to be added during their May 21 and May 23, 2025 meet and confers, and (3) IV made clear it would provide draft pleadings only upon Southwest's written agreement not to pursue a declaratory judgment — an agreement Southwest never made.[2] IV's counsel further asked, "If Southwest's position is now to oppose IV's motion for Leave to File Amended Complaint and to rescind the Joint Motion to Amend the Scheduling Order, please let us know promptly so we can advise the Court. We are available to meet and confer." Southwest's counsel did not provide a response. *See* Ex. 12.

- On May 25, 2025, at 6:46 p.m., IV's counsel requested a meet and confer with Southwest's counsel. Southwest's counsel did not provide a response. *See* Ex. 13.

- On May 27, 2025, at 5:54 a.m., IV's counsel again requested a meet and confer with Southwest's counsel. Southwest's counsel did not provide a response. *See* Ex. 14.

---

[2] Had Southwest agreed not to file a declaratory judgment action on the patents to be added, IV would have provided Southwest a copy of its amended complaint clearly showing the five additional patents to be asserted. *See* Downing Decl. at ¶ 16.

4

- On May 27, 2025, the parties held another meet-and-confer at which time IV offered to alleviate any claimed prejudice from the addition of the fifth patent by modifying the schedule. *See* Downing Decl. at ¶ 4. Southwest declined and instead, filed the instant Partial Opposition that same day —1.5 hours after this meet and confer. Ex. 15.

- On May 27, 2025, at 5:00 p.m., which was after Southwest's filing of its Notice of Partial Opposition, IV again wrote and offered to continue working with Southwest to alleviate any perceived prejudice. Ex. 16.

- On May 28, 2025, at 8:43 p.m., to avoid burdening the Court on this issue, IV's counsel agreed to include only four patents in the present action and emailed Southwest's counsel stating:

> Following up on our meet-and-confer, IV agrees to proceed with asserting four additional patents in the amended complaint and will file the fifth patent in a separate action. Accordingly, per the parties' Joint Motion to Amend the Scheduling Order, IV will serve infringement contentions for the four newly asserted patents this evening. We will also provide formal responses to Southwest's Motion for Partial Opposition. We believe this addresses your concerns. We are available to meet and confer, if necessary.

*See* Ex. 17.

- On May 28, 2025, at 9:57 p.m., IV served its Second Amended Preliminary Infringement Contentions, which included only four patents. *See* Ex. 18.

## II. <u>SOUTHWEST'S PARTIAL OPPOSITION IS MOOT</u>

Southwest's Partial Opposition rests on an inaccurate narrative that IV attempted to act in bad faith by asserting an additional patent. The record reflects the opposite. IV responded within minutes to Southwest's email noting that the number of patents to be added and the number of patents originally asserted were incorrect. *See* Ex. 7.

IV has consistently demonstrated a willingness to cooperate with Southwest in good faith. IV offered twice to amend the schedule to provide Southwest additional time to address its

5

concerns — offers that Southwest declined. During the parties' May 27, 2025 meet-and-confer, IV offered to further extend the schedule to provide Southwest additional time to submit its preliminary invalidity contentions. *See* Downing Decl., at ¶ 4. After Southwest's filing of its Notice of Partial Opposition, IV wrote and offered to continue working with Southwest to alleviate any perceived prejudice. *See* Ex. 16 ("During the meet and confer we asked if there are any proposed modifications to the schedule that Southwest wants to address any perceived judice and resolve the need to burden the Court with this issue…. Please let us know if Southwest will reconsider its position.") Southwest declined to provide any response.

Ultimately, IV agreed to assert only four patents in the Amended Complaint— exactly the relief sought by Southwest in its Partial Opposition. On May 28, 2025, IV served infringement contentions for those four patents. *See* Ex. 18.

Southwest's claims of prejudice are unsubstantiated. It has never seen the copy of the amended complaint, the technology area involved, or the asserted patent numbers. The difference between four and five patents — particularly when they concern the same technology as the six originally asserted patents — is negligible. The misunderstanding arose due to Southwest's own actions and failure to communicate objections in a timely manner. It thus remains unclear to IV why Southwest felt the need to file the Partial Opposition. Nonetheless, and to avoid arguing about a *single* patent[3], IV has already agreed to proceed with moving for leave to file an Amended Complaint asserting four — not five — additional patents, as Southwest requests and even served its preliminary infringement contentions for both the six originally asserted patents and the four additional patents. *See* Exs. 17 & 18.

---

[3] IV plans to file another case alleging the remaining patent. Although IV believes the better course would be to include this lone patent in the current case, to avoid further litigating this issue, IV has acquiesced to Southwest's request.

### III. <u>CONCLUSION</u>

IV complied with Southwest's request and mooted the issue by limiting its Amended Complaint to four patents. Despite this, Southwest has yet to withdraw its Partial Opposition. For the foregoing reasons, IV respectfully requests that the Court deny Southwest's partial opposition as moot.

Dated: May 29, 2025                                        RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*
    Jonathan K. Waldrop (CA Bar No. 297903)
    (Admitted in this District)
    jwaldrop@kasowitz.com
    Darcy L. Jones (CA Bar No. 309474)
    (Admitted in this District)
    djones@kasowitz.com
    Marcus A. Barber (CA Bar No. 307361)
    (Admitted in this District)
    mbarber@kasowitz.com
    John W. Downing (CA Bar No. 252850)
    (Admitted in this District)
    jdowning@kasowitz.com
    Heather S. Kim (CA Bar No. 277686)
    (Admitted in this District)
    hkim@kasowitz.com
    ThucMinh Nguyen (CA Bar No. 304382)
    (Admitted in this District)
    tnguyen@kasowitz.com
    Jonathan H. Hicks (CA Bar No. 274634)
    (Admitted in this District)
    jhicks@kasowitz.com
    **KASOWITZ BENSON TORRES LLP**
    333 Twin Dolphin Drive, Suite 200
    Redwood Shores, California 94065
    Telephone: (650) 453-5170
    Facsimile: (650) 453-5171

                              Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Jeceaca An (NY Bar No. 5849898)
(Admitted in this District)
jan@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Mark D. Siegmund (TX Bar No. 24117055)
msiegmund@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
7901 Fish Pond Rd., 2nd Floor
Waco, Texas 76710
Telephone: 254-732-2242
Facsimile: 866-627-3509

*Attorneys for Plaintiffs*
*INTELLECTUAL VENTURES I LLC and*
*INTELLECTUAL VENTURES II LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on May 29, 2025, via the Court's CM/ECF system.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop (CA Bar No. 297903)
