# Exhibit A

**From:** Mark Siegmund <MSiegmund@CJSJLAW.com>
**Sent:** Tuesday, February 25, 2025 12:18 PM
**To:** Ryan_Hering@txwd.uscourts.gov; Corey_Brown@txwd.uscourts.gov; Paige_Welch@txwd.uscourts.gov
**Cc:** Intellectual Ventures <IntellectualVentures@kasowitz.com>; wdunwoody@munckwilson.com; mwilson@munckwilson.com; wellerman@CJSJLAW.com; ttruong@munckwilson.com
**Subject:** Intellectual Ventures v. Southwest Airlines - 7:24-cv-00277 - Discovery Dispute

Dear Law Clerks,

Pursuant to the Court's OGP, the parties request the Court's assistance in resolving the attached discovery dispute chart. The parties met and conferred, but were not able to reach agreement. Plaintiff respectfully requests a hearing at the Court's convenience and does not expect to use any confidential information.

Sincerely,
Mark

**MARK SIEGMUND**
**PARTNER**
[msiegmund@cjsjlaw.com](mailto:msiegmund@cjsjlaw.com)
**O**  254.732.2242
**C**  254.644.2122
**F**  866.627.3509

**CHERRY JOHNSON SIEGMUND JAMES**
Bridgeview Center
7901 Fish Pond Rd, Second Floor
Waco, Texas 76710



**Discovery Chart for**
*Intellectual Ventures I LLC and Intellectual Ventures II LLC v.*
*Southwest Airlines Co.*
<u>Civil Action No. 7:247-cv-00277-ADA</u>

**IV's Issue 1:**

| **Plaintiff's [Requesting Party] Position** | **Defendant's [Responding Party] Position** |
|---|---|
| <u>Relief sought:</u> IV requests limited discovery related to Southwest's Motion to Sever and Stay, including: (1) a four-hour deposition of Southwest related to the customer suit arguments and the declaration submitted from Christopher Muhich, (2) 5 Requests for Production, and (3) 5 Interrogatories. IV further requests the parties meet-and-confer on a briefing schedule.<br><br><u>Summary</u>:<br><br>On February 12, 2025, Southwest filed a Motion to Sever and Stay Claims ("Motion"). Dkt. 17. The Motion seeks to sever two of the six patents and stay the case in favor of two, second-filed DJ actions from ViaSat and Anuvu, *Viasat, Inc. v. Intellectual Ventures,* No. 25-56 (D. Del. Jan. 14, 2025); *Anuvu Corp. v. Intellectual Ventures,* No. 25-124 (D. Del. Jan. 30, 2025). *Id.*<br><br>Southwest's Motion, however, is conclusory and does not provide sufficient facts to support the customer suit exception. Southwest posits that Viasat and Anuvu supply and operate the complete, accused Wi-Fi systems, including all necessary hardware and software, but fails to identify any of the systems or components responsible for infringement and does not provide facts or indicate that the relevant discovery and witnesses related to the Accused Functionality is in the possession, custody, or control of ViaSat and/or Anuvo, as opposed to other third parties.<br><br>Further, in support of its Motion, Southwest filed a conclusory declaration by Christopher Muhich ("Muhich Declaration"). Dkt. 17-1. While Southwest relies on the Muhich Declaration to assert that "Southwest is not responsible for the | I.V. burdens the Court by again requesting relief it already seeks in its opposition brief. The Court should deny I.V.'s request for premature infringement discovery as procedurally improper and substantively unwarranted.<br><br>I.V.'s request depends on speculation that Southwest "possibly uses" technologies other than those identified in its Complaint and infringement contentions. Dkt. 18 at 1. But I.V. does not dispute that Viasat and Anuvu—the sole accused manufacturers—**provide the components I.V. identifies as practicing each claim element**. I.V. now seeks early discovery to have Southwest identify **non-accused** functionality.<br><br>Although it refers to Mr. Muhich's declaration as "conclusory," I.V. does not dispute any fact contained within it. I.V. claims to need more details, but does not say what those details would show. Nor could it: **I.V. identified the functionality it claims to infringe, and does not dispute that Viasat and Anuvu provide it**. I.V.'s contentions rely nearly exclusively on manufacturer documentation, and it accuses another airline of infringement in another District by using the **same Viasat components**. *I.V. v. American Airlines*, No. 24-980 (E.D. Tex. Nov. 2, 2024). I.V. does not explain how any hypothetical modifications bear on its infringement theory, confirming the irrelevance of this argument. *In re Google Inc.*, 588 F. App'x 988, 990 (Fed. Cir. 2014). I.V. also argues that the declaration omits which companies maintain the relevant discovery, which is incorrect. Dkt. 17-1 ¶ 4.<br><br>There is no dispute to resolve through premature discovery, but a legal one: whether their provision of the accused systems—which Southwest undisputedly then includes in its aircraft—makes Viasat and Anuvu the true defendants regarding the '326 and '469 |

| | |
|---|---|
| ultimate design, functionality or changes to the operation of in-flight WiFi systems," – it fails to provide details regarding the basis for Southwest's assertions. Mr. Muhich states that "Southwest is a downstream user of the in-flight WiFi systems provided by Viasat and Anuvu." As explained in IV's opposition to Southwest's Motion, the cases addressing the customer-suit exception require more, including how the systems are incorporated into Southwest airplanes and which vendors are involved.<br><br>To respond to Southwest's Motion, IV needs to be able to assess the roles of Southwest, Anuvu, and Viasat and the veracity of Mr. Muhich's statements. Southwest's motion and Mr. Muhich's declaration do not provide this information, and this information is not public. Accordingly, IV requires limited discovery related to Southwest's submission. Courts have dismissed similar motions to stay as premature without discovery to determine whether Defendant is a customer or manufacturer of an accused system. *Wapp Tech L.P. v. Bank of Am. Corp.*, No. 4:18-CV-00519, at *8 (E.D. Tex. Aug. 2019). Further, this Court has allowed limited discovery in similar instances. *See Delta Elecs., Inc. v. Vicor Corp.*, 724 F. Supp. 3d 645, 658 (W.D. Tex. 2024) (allowing "limited venue discovery"); *New Berry Inc. v. Smith*, No. 2:19-CV-159 JD, at *4 (N.D. Ind. Feb. 5, 2021).<br><br>On February 18, 2025, at Southwest's request, IV provided Southwest with a bullet summary of the types of information that IV is seeking.<br><br>Accordingly, IV requests that the Court grant limited discovery related to Southwest's Motion as indicated above. | patents. This Court can resolve that dispute without infringement discovery, as it has routinely done. *E.g.*, *Topia Tech., Inc. v. Dropbox, Inc.*, No. 21-01373-ADA, 2022 WL 18109619, at *4 (W.D. Tex. Dec. 29, 2022).<br><br>I.V.'s cited authorities do not support its request. I.V. relies on *Wapp Tech L.P. v. Bank of Am. Corp.*, No. 4:18-CV-00519 (E.D. Tex.), but the plaintiff there offered evidence that a defendant was the manufacturer, an argument I.V. does not make—**I.V. carefully does not argue that Viasat and Anuvu products do not infringe, but only that they are not the "sole infringer."** Dkt. 18 at 1. I.V.'s other authorities all concern venue and jurisdictional discovery, and I.V. does not explain why this is a "similar instance."<br><br>I.V. should not be permitted to end-run this Court's OGP, which stays non-venue, non-jurisdictional, and non-claim construction discovery until after the *Markman* hearing, by fashioning its request in opposition to a Motion as a "discovery dispute." I.V.'s speculation cannot meet its burden on a motion to compel. I.V. has identified no proper reason to delay Southwest's motion or to subject the Court to another round of briefing. The Court should deny this discovery request. |

2