**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **INTELLECTUAL VENTURES I, LLC and** **INTELLECTUAL VENTURES II LLC,** | § § § | |
| *Plaintiffs,* | § § | **Civil Action No. 7:24-cv-00277-ADA** |
| **v.** | § § | **JURY TRIAL DEMANDED** |
| **SOUTHWEST AIRLINES CO.,** | § § | |
| *Defendant.* | § § | |

---

**DEFENDANT SOUTHWEST AIRLINES CO.'S REPLY**
**IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**

---

## TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................ 1

II. THE PRIVATE AND PUBLIC FACTORS FAVOR TRANSFER ....................... 1

    A.  The Private Interest Factors Favor Transfer ............................................... 1

        1.  The Likely Witnesses Are Located in Dallas. .......................................... 1

        2.  The Data Centers and Other Sources of Proof at Issue Are in Dallas. ..................... 3

        3.  The Only Third-Party Witnesses Identified to Date with Demonstrable Relevant Knowledge Are Near Dallas ................................................................ 4

    B.  The Public Interest Factors Favor Transfer to Dallas ................................ 5

III. CONCLUSION .................................................................................................. 5

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*3D Surfaces, LLC v. Dell Techs. Inc.*,
   No. 6:21-CV-01107, 2022 WL 3695483 (W.D. Tex. Aug. 25, 2022).......................................2

*In re Apple Inc.*,
   2022 WL 1196768 (Fed. Cir. Apr. 22, 2022) ........................................................................3, 5

*In re Apple*,
   979 F.3d 1332 (Fed. Cir. 2020)...............................................................................................3

*BuzzBallz, LLC v. MPL Brands NV, Inc.*,
   No. 1:23-CV-1115, 2024 WL 3282492 (W.D. Tex. July 2, 2024)..........................................2

*Gesture Tech. Partners, LLC v. Apple, Inc.*,
   2022 WL 3592451 (W.D. Tex. Aug. 22, 2022) .......................................................................3

*In re Google LLC*,
   2021 WL 5292267 (Fed. Cir. Nov. 15, 2021)......................................................................3, 4

*In re Google LLC*,
   855 Fed. App'x 767 (Fed. Cir. 2021)......................................................................................5

*In re Juniper Networks, Inc.*,
   14 F.4th 1313 (Fed. Cir. 2021) ..............................................................................................2

*Moskowitz Fam. LLC. v. Globus Med., Inc.*,
   2020 WL 4577710 (W.D. Tex. July 2, 2020) .........................................................................4

*In re Radmax, Ltd.*,
   720 F.3d 285 (5th Cir. 2013) ..................................................................................................3

*SurfCast, Inc. v. Microsoft Corp.*,
   2022 WL 4360591 (W.D. Tex. Sep. 20, 2022).......................................................................4

*Viasat, Inc. v. Intellectual Ventures I LLC, et al.*,
   No. 25-056-CFC, Dkt#28 (D. Del. Mar. 28, 2025) ...............................................................4

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) ..................................................................................................2

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ..................................................................................................3

*Webroot, Inc. v. AO Kaspersky Lab*,
   No. W22CV00239, 2024 WL 171705 (W.D. Tex. Jan. 16, 2024) .......................................1, 2

*Word to Info, Inc., v. Facebook, Inc.*,
    No. 3:14-CV-4387, 2015 WL 13870507 (N.D. Tex. Jul 23, 2015)...........................................5

**Other Authorities**

Fed. R. Civ. P. 45.....................................................................................................................5

## I.    INTRODUCTION

IV fails to identify any anchor to keep this case in Midland/Odessa against the tide of proof showing clearly the more convenient forum is Dallas. Southwest is headquartered in Dallas, all likely witnesses are in Dallas, and the accused "on prem" data centers are in Dallas. IV's opposition concedes those core venue facts, Dkt#41 ("Opp.") at 7, 9–10, and that venue would have been proper in Dallas from the start. *Id.* at 5. Lacking any compelling basis to maintain venue in Midland/Odessa, IV resorts to speculation that some *potential* "witnesses" in the Western District of Texas ("WDTX") *might* have relevant knowledge. For example, out of some 3,000 employees in the technology department at Southwest, a small percentage of them work remotely from their homes in the WDTX. That is irrelevant, as IV fails to show any of those individuals have unique knowledge or roles that would make them likely witnesses. The same is true for the cherry-picked third-party "witnesses" IV identified online based on LinkedIn profiles—there is nothing to suggest any of them are likely witnesses.

Southwest has provided ample proof that the Northern District of Texas, Dallas Division ("NDTX") is clearly a more convenient venue. The Court should grant Southwest's motion.

## II.    THE PRIVATE AND PUBLIC FACTORS FAVOR TRANSFER

### A.    The Private Interest Factors Favor Transfer

#### 1.    The Likely Witnesses Are Located in Dallas.

When considering the convenience of witnesses, the Court should "qualitatively evaluate the materiality of the testimony that the witnesses may provide." *Webroot, Inc. v. AO Kaspersky Lab*, No. W22CV00239, 2024 WL 171705, at *7 (W.D. Tex. Jan. 16, 2024) (Gilliland, J.). "[T]hat a company 'has' an employee" in the district "does not convert that employee into a potential witness." *Id.* at *8. After a legitimate investigation, Southwest identified 15 likely witnesses ("Likely Witnesses") who know the who, what, when, where, and how concerning use, if any, of

the seven accused technologies. Dkt#21-1 at 2–3. There is no dispute that those Likely Witnesses are all located in Dallas. *See id*.; *see also* Dkt#41, Ex. 4 ("Tune Dep.") at 54:17-23. IV's argument that the convenience of these party witnesses should be given "little weight," Opp. at 9, has been rejected by the Federal Circuit. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1319 (Fed. Cir. 2021).

IV argues that Southwest has employees working remotely in the WDTX who *may* have—at some point—*used* one or more of the accused technologies.[1] But none of those individual contributors have "a broad view of, do we [at Southwest] use [the accused technologies], how would we use them, where do we have contracts, and things that are relevant for this issue." Tune Dep. at 107:1-7; *see also id.* at 9:11-18, 54:3-23, 78:9–79:6. Absent a showing any of those remote workers have "unique knowledge" that is "not available from" the Likely Witnesses in Dallas, they are irrelevant to the analysis. *3D Surfaces, LLC v. Dell Techs. Inc.,* No. 6:21-CV-01107, 2022 WL 3695483, at * 6 (W.D. Tex. Aug. 25, 2022) (Albright, J.); *see BuzzBallz, LLC v. MPL Brands NV, Inc.,* No. 1:23-CV-1115, 2024 WL 3282492, at *6 (W.D. Tex. July 2, 2024) (finding "no indication" that "remote employees who reside in WDTX will be relevant witnesses in this case.").

Moreover, Dallas should be more convenient for IV's likely witnesses as well, who appear to be located across the United States (Washington, California, Arizona, Florida), as well as overseas (Isreal and India). Dallas has an international airport and direct flights from many U.S. cities. Although Southwest offers flights to Midland, they often route through Dallas. The convenience of attendance for willing witnesses factor clearly favors the Northern District, Dallas Division.[2]

---

[1] All but two of those remote workers are in Austin or San Antonio, which are both closer to Dallas than to Midland/Odessa. Distances: Austin to Dallas 197 miles; Austin to Midland 319 miles; San Antonio to Dallas 274 miles; San Antonio to Midland 324 miles.

[2] IV argues that Southwest "incorrectly" focused on whether Dallas is more convenient than Midland/Odessa, rather than on whether the WDTX is more convenient than the NDTX. Opp. at 5. Both logic and caselaw support a courthouse-to-courthouse comparison under the Fifth Circuit's 100-mile rule. *See In re Volkswagen AG*, 371 F.3d 201, 204–05 (5th Cir. 2004) ("When the

**2. The Data Centers and Other Sources of Proof at Issue Are in Dallas.**

In patent infringement cases, the bulk of the relevant evidence comes from the accused infringer, and thus the place where the defendant's documents are kept weighs in favor of that location. *In re Apple,* 979 F.3d 1332, 1340 (Fed. Cir. 2020). Here, IV admits that its case is focused on the use of Docker, Kafka, Kubernetes, Spark, and Hadoop at Southwest's "on prem" data centers located in Dallas. The Federal Circuit has rejected IV's argument that this factor is neutral because electronic information is "accessible anywhere in Texas." Opp. at 7; *In re Apple Inc.*, 2022 WL 1196768, at *4 (Fed. Cir. Apr. 22, 2022) (district court "erred in not weighing this factor in favor of transfer" "based on its view that Apple had the capability of accessing its own electronic documents from its Austin offices"); *Gesture Tech. Partners, LLC v. Apple, Inc.*, 2022 WL 3592451, at *3 (W.D. Tex. Aug. 22, 2022) (Albright, J.) (rejecting that documents could be "easily accessible by employees with the appropriate credentials outside the space in which they are located"). IV concedes that the "on prem" data centers at issue are in Dallas, not in the WDTX, Tune Dep. at 31:18-21, 89:4-6; *see also* Dkt#21-1 ¶7, and the physical presence of those systems in Dallas weighs in favor of transfer. *In re Google LLC*, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021). The same is true for software documentation, IT system logs, vendor agreements, and employees who manage those systems. Dkt#21-1 ¶¶7–8, 13–15. Thus, the relative ease of access to sources of proof strongly favors transfer to Dallas.

---

distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment."); *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir. 2008) (ordering transfer from Marshall to Dallas); *In re Radmax, Ltd.*, 720 F.3d 285, 290 (5th Cir. 2013) (ordering transfer from Marshall to Tyler).

### 3.    The Only Third-Party Witnesses Identified to Date with Demonstrable Relevant Knowledge Are Near Dallas.

IV argues that the "availability of compulsory process over third-party witnesses weighs against transfer." Opp at 7. However, IV has done exactly what this Court has previously criticized—relying on cherry-picked LinkedIn profiles instead of pointing to actual likely witnesses. *See Moskowitz Fam. LLC. v. Globus Med., Inc.,* 2020 WL 4577710 (W.D. Tex. July 2, 2020) (more than a bare statement that third-party witnesses exist and have relevant information is required); *SurfCast, Inc. v. Microsoft Corp.,* 2022 WL 4360591 (W.D. Tex. Sep. 20, 2022) (picking witnesses with nothing but generalized knowledge out of a hat does not weigh against transfer); *In re Google LLC*, 2021 WL 5292267, at *2 (affording "no weight" to "online profiles" without "further explanation or detail").

IV fails to show that any of the third-party employees are likely witnesses. First, IV found LinkedIn profiles for two Viasat employees who supposedly work in Austin, Dkt#41-9, but IV offers no reason to believe those individuals have "potential knowledge of the Accused Technologies," Opp. at 8, much less worked on Southwest aircraft or are likely to testify at trial.[3] Second, IV claims that a sub-vendor, HPE, is located in the WDTX given its headquarters in Spring, Texas. Opp. at 8. But Spring, Texas is in Harris County in the Southern District of Texas. Third, IV provides a LinkedIn profile of a remote HPE Aruba networking engineer located in Ausin. Dkt#41-10. Aside from hopeful speculation by IV, there is no reason to believe that such a person could testify about "specific implementation and licensing issues." Opp. at 8–9.[4]

---

[3] Viasat already identified Christopher Michael, a hardware engineer at its headquarters in California, as the likely witness on IFC services to airlines including Southwest. *See Viasat, Inc. v. Intellectual Ventures I LLC, et al.*, No. 25-056-CFC, Dkt#28 (D. Del. Mar. 28, 2025).

[4] The HPE employee is irrelevant because IV is not accusing "Southwest Systems and Services that use HPE or Aruba components." Pls.' 2nd Am. Prelim. Infringement Contentions, at 3 n.4. Plus, Austin is closer to Dallas than to Midland/Odessa.

The sworn testimony shows that Southwest's relationships with Viasat and Anuvu are managed by employees in Dallas. Dkt#21-1; Dkt#17-1. Moreover, Garland Mitchell, one of the Likely Witnesses who was employed by Southwest when the motion was filed earlier this year, has since retired from Southwest and is now a third-party witness. Tune Dep. at 66:3-8. In contrast, there are no identified third parties within the Midland/Odessa court's 100-mile power of compulsory process under Fed. R. Civ. P. 45(c)(1). This factor also weighs in favor of transfer.

### B.  The Public Interest Factors Favor Transfer to Dallas

"A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc., v. Facebook, Inc.,* No. 3:14-CV-4387, 2015 WL 13870507, at *4 (N.D. Tex. Jul 23, 2015). IV argues that the WDTX has a localized interest because "this case could call into question the work and reputation of several individuals who work in the community," without saying who or how. Opp. at 11. That half-hearted argument cannot counterbalance the obvious connection that Dallas has to issues involving Southwest Airlines, as one of the largest and most iconic companies based in Dallas. That Southwest might have 2-3% of its workforce employed at airports in the WDTX is "immaterial" to the analysis. *See In re Apple*, 2022 WL 1196768, at *3 (Apple's "thousands of employees in Austin" were "immaterial to the local interest analysis"); *In re Google LLC*, 855 Fed. App'x 767, 768 (Fed. Cir. 2021) (the "mere presence in the Western District of Texas insofar as it is not tethered to the events underlying the litigation is not entitled to weight in analyzing the local interest factor in this case."). The public interest factor clearly favors transfer to Dallas.

## III. CONCLUSION

For these reasons as well as those in the Motion, Southwest requests the Court to grant its motion and transfer this case to the Northern District of Texas, Dallas Division.

Dated: June 11, 2025

Respectfully submitted,

*/s/ S. Wallace Dunwoody*
Michael C. Wilson
Texas Bar No. 21704590
mwilson@munckwilson.com
S. Wallace Dunwoody
Texas Bar No. 24040838
wdunwoody@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
2000 McKinney Avenue, Suite 1900
Dallas, Texas 75201
(972) 628-3600
(972) 628-3616 fax

David G. Henry
Texas Bar. No. 09479355
dhenry@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
510 Austin Avenue, Suite 3100
Waco, Texas 76701
(254) 362-2300
(254) 362-2304 fax

Tri T. Truong
Texas Bar No. 24102969
ttruong@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
807 Las Cimas Parkway, Suite 300
Austin, Texas 78756
737-201-1600
737-201-1601 fax

*Attorneys for Southwest Airlines Co.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was filed and served to all counsel of record using the Court's CM/ECF system on June 11, 2025.

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody

7144975

6