**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,

*Plaintiffs,*

v.

SOUTHWEST AIRLINES CO.,

*Defendant.*

**Civil Action No. 7:24-cv-00277-ADA**

**JURY TRIAL DEMANDED**

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION TO SEVER AND STAY CLAIMS AGAINST IN-FLIGHT CONNECTIVITY SYSTEMS BASED ON THE CUSTOMER-SUIT EXCEPTION**

# TABLE OF CONTENTS


I. PRELIMINARY STATEMENT ..... 1

II. BACKGROUND ..... 1

III. APPLICABLE LAW ..... 2

IV. ARGUMENT ..... 4

- A. The Customer Suit Exception Does Not Apply Because There are Multiple Suppliers of In-Flight Connectivity Systems ..... 4
- B. Southwest Has Not Agreed to Be Bound ..... 5
- C. The Customer Suit Exception Does Not Apply Because Southwest is Not a Mere Reseller ..... 5
- D. The Traditional Stay Factors do not Warrant a Stay ..... 6

V. CONCLUSION ..... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Decapolis Sys., LLC v. Univ. Health Sys. Servs. of Texas, In*c.,
No. 6:21-cv-01252-ADA, 2022 WL 2373705 (W.D. Tex. June 30, 2022)...............................3

*Fleet Connect Sols., LLC v. Precision Drilling Corp.*,
No. 6:21-CV-00987-ADA, 2022 WL 2373711 (W.D. Tex. June 30, 2022).....................3, 5, 6

*GreatGigz Solutions, LLC* v. *Costco Wholesale Corporation*,
No. 6-21-cv-00807, 2022 WL 1037114 (W.D. Tex. Apr. 6, 2022)..........................................3

*Lighthouse Consulting Grp. v. Truist Bank*,
No. 2:19-cv-00340-JRG, 2020 WL 6781977 (E.D. Tex. Apr. 7, 2020)...................................3

*SITO Mobile R&D IP*, *LLC v. SFA Holdings Inc*.,
No. 1:23-CV-688-RP, 2024 WL 3843804 (W.D. Tex. Apr. 19, 2024)....................................3

*Sonrai Memory Ltd. v. Amazon.com, Inc.*,
No. 6:21-cv-00991-ADA, 2022 U.S. Dist. LEXIS 36786 (W.D. Tex. 2022) ...........................5

*Sonrai Memory Ltd. v. LG Elecs. Inc.*,
No. 6:21-cv-00168-ADA, 2022 U.S. Dist. LEXIS 31423 (W.D. Tex. Feb. 23, 2022) .............5

*Westport Fuel Sys. Canada., Inc. v. Nissan N. Am., Inc.*,
No. 2:21-cv-0455-JRG-RSP, 2023 WL 346807 (E.D. Tex. Jan. 20, 2023) .............................3

Plaintiffs Intellectual Ventures I and II LLC ("Plaintiffs" or "IV") file this supplemental brief in support of its Opposition ("Opp") to Defendant Southwest Airlines, Inc.'s ("Defendant" or "Southwest") Motion to Sever and Stay based on the Customer-Suit Exception ("Motion").

**I. PRELIMINARY STATEMENT**

The Court should deny Southwest's Motion since none of the customer suit factors or traditional stay factors support a stay under these facts. Christopher Muhich, Southwest's corporate representative, confirmed that Southwest uses at least three and perhaps four sources of in-flight connectivity systems ("IFC"), more than what Southwest's declarant stated to the Court. The Motion also did not agree to be bound by the outcome of the declaratory judgment suit, confirming only that it will be bound by the issue of infringement and Southwest has filed *IPRs*. Finally, Southwest is not a mere reseller of the accused technology. There are claim elements that based on public information, are not provided by the IFC systems and claim elements that require third-party discovery. The Motion does not promote efficiency or simplify the litigation, but creates at least two more DJ litigations, multiple IPR proceedings, and risks inconsistent outcomes and multiple claim construction, infringement, and validity determinations in multiple courts and agencies. The Court should therefore deny Southwest's motion to sever and stay two of the patents-in-suit because the factors weigh against the stay.

**II. BACKGROUND**

On November 11, 2024, IV filed this action, alleging that Southwest infringes six patents – including United States Patent Nos. 8,027,326 (the "'326 Patent"), and 7,324,469 (the "'469 Patent"). On February 12, 2025, Southwest filed the Motion to sever and stay IV's claims for the '326 and '469 Patents, based on two DJ actions filed in Delaware by the IFC providers, Viasat and

Anuvu. Dkt. 17.[1] In its Motion, "Southwest agree[d] to be bound by any *infringement* findings in the Delaware Actions on the suppliers' declaratory judgment claims against Intellectual Ventures." Mot. at 3. On February 19, 2025, IV filed its Opposition. Dkt. 18. On February 26, 2025, Southwest filed its Reply in support of its Motion. Dkt. 20.

During a March 6, 2025 hearing, the Court granted IV's request for a two-hour deposition and written discovery. Ex. 1. During discovery, IV learned that Southwest used at least three IFC providers (Viasat, Anuvu, and Panasonic Avionics), and possibly a fourth (Gogo/Intelsat) due to the merger with AirTran and lease of aircraft to Delta with Gogo (Intelsat) IFC technology. Ex. 2; Ex. 3 at 33:14-24.

Southwest's declarant, Mr. Christopher Muhich, testified that it is Southwest that physically installs the IFC components on the aircrafts. Ex. 3 at 44:5-9. Mr. Muhich also testified that Southwest conducts team meetings with the in-flight Wi-Fi providers to discuss system performance and product improvements. Ex. 3 at 66:17-24. Mr. Muhich was also unable to identify the specific components relevant to the infringement allegations or confirm whether the information could be obtained from the in-flight connectivity providers or if it would be necessary to subpoena third parties. Mr. Muhich did not know if any of the providers agreed to indemnify Southwest in any capacity. Ex. 3 at 60:11-63:18. Thus, venue discovery has confirmed that Southwest's Motion is not supported by the customer suit factors or the traditional stay factors.

## III. APPLICABLE LAW

For the customer-suit exception to apply, the Court considers three factors "(1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent

[1] Since the Motion was filed, IV has amended the complaint to add 6 additional patents. Dkt. 37.

owner; and (3) whether the manufacturer is the only source of the infringing product." *E.g., Fleet Connect Sols., LLC v. Precision Drilling Corp.*, No. 6:21-CV-00987-ADA, 2022 WL 2373711 (W.D. Tex. June 30, 2022); *see also Lighthouse Consulting Grp. v. Truist Bank,* No. 2:19-cv-00340-JRG, 2020 WL 6781977 (E.D. Tex. Apr. 7, 2020); *Westport Fuel Sys. Canada., Inc. v. Nissan N. Am., Inc.*, No. 2:21-cv-0455-JRG-RSP, 2023 WL 346807 (E.D. Tex. Jan. 20, 2023). With regards to the first factor, if a customer-defendant is accused of merely using, operating, or promoting an accused product that has been developed and supplied by a third party, the factor weighs in favor of a stay. *See SITO Mobile R&D IP, LLC v. SFA Holdings Inc*., No. 1:23-CV-688-RP, 2024 WL 3843804, at *3 (W.D. Tex. Apr. 19, 2024). *See also GreatGigz Solutions, LLC* v. *Costco Wholesale Corporation*, No. 6-21-cv-00807, 2022 WL 1037114, at *2–*4 (W.D. Tex. Apr. 6, 2022) (finding mere reseller when infringement is predicated entirely on the use of the supplier's product). The agreement to be bound by the outcome of the declaratory suit weighs in favor of staying the current suit. *See SITO*, 2024 WL 3843804, at *3. If there is only one source of the allegedly infringing technology, this factor weighs in favor of a stay. *SITO*, 2024 WL 3843804, at *3; *See also Decapolis Sys., LLC v. Univ. Health Sys. Servs. of Texas, In*c., No. 6:21-cv-01252-ADA, 2022 WL 2373705, *2–*5 (W.D. Tex. June 30, 2022) (finding stay when accused infringers were merely end-users of accused product, agreed to be bound by the outcome of suppliers suit, and the supplier was only source of accused product).

This Court also considers the four "traditional" stay factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set." *Fleet*, 2022 WL 2373711, at *3. However, where the customer suit stay factors are not met, the traditional stay factors are also not met. *Id*. at *4.

## IV. ARGUMENT

Here, Southwest uses at least three (and maybe four) sources of IFC systems and has agreed only to be bound on issues of infringement, and not "any decision in the later filed Court," (and has filed *Inter Partes Review* Petitions). Southwest is also not a mere reseller, since the accused in-flight connectivity systems are incorporated into Southwest aircraft by Southwest and additionally because, on information and belief, there are claim limitations that are not provided by the supplied IFC technology. Southwest's motion would not lead to efficiency and is inconsistent with the underlying policy and purpose of the customer-suit exception, that the burdens of the litigation be lifted from the customer-defendant. Because Southwest has failed to show that any, let alone, all of the customer-suit factors apply, the Court should deny the Motion.

### A. The Customer Suit Exception Does Not Apply Because There are Multiple Suppliers of In-Flight Connectivity Systems

The Christopher Muhich deposition and Southwest's Discovery responses confirm that Southwest Aircraft utilized three, and possibly four, suppliers of in-flight connectivity systems during the damages time period. *Supra* at II. In addition to Viasat and Anuvu that were originally identified in the Motion and declaration, Panasonic Avionics also provided in-flight connectivity systems during the damages time frame. Ex. 3. In addition to Panasonic Avoionics, Viasat, and Anuvu, Southwest acquired aircraft from Air Tran as a result of a merger. Ex. 3. Mr. Muhich was not able to confirm whether the aircraft acquired in a merger with AirTran were used, leased or sold, which would be a fourth supplier of in-flight systems. Ex. 3. Since there are numerous suppliers, this factor weighs against a stay. Further, Southwest does not know whether Viasat, Anuvu, Panasonic or Gogo/Intelsat have agreed to indemnify Southwest in any capacity. Ex. 3.

### B. Southwest Has Not Agreed to Be Bound

Second, Southwest has not agreed to be bound on all liability findings. Although the Viasat DJ action includes deadlines for infringement and validity contentions, Southwest bound itself only with regards to the issue of infringement – "Southwest agrees to be bound by any infringement findings in the Delaware Actions on the suppliers' declaratory judgment claims against Intellectual Ventures." Mot. at 3; Ex. 4. Southwest has additionally filed multiple IPR petitions, creating additional possible invalidity and claim construction determinations. Ex. 5; Ex. 6. This Court denies stays where a "customer defendant" agrees to be bound only on infringement, as opposed to both infringement and invalidity. *Compare, e.g., Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 6:21-cv-00168-ADA, 2022 U.S. Dist. LEXIS 31423, at *13-*14 (W.D. Tex. Feb. 23, 2022) (granting stay), with *Sonrai Memory Ltd. v. Amazon.com, Inc.*, No. 6:21-cv-00991-ADA, 2022 U.S. Dist. LEXIS 36786, at *5 (W.D. Tex. 2022) (denying stay). Accordingly, the second factor weighs against the customer-suit stay since Southwest has not agreed to be bound on all findings in the DJ case and has filed additional challenges at the PTAB.

### C. The Customer Suit Exception Does Not Apply Because Southwest is Not a Mere Reseller

Lastly, Southwest is not a mere reseller because it does not merely use, operate, or promote an accused product that has been developed and supplied by a third party. In order to be a mere reseller, the customer-defendant needs to purchase and utilize those products in their "off the shelf" condition. *Fleet*, 2022 WL 2373711, at *3. Southwest incorporates products from Viasat, Anuvu, Panasonic, and possibly Intelsat, into its aircraft for "in flight" passenger use during the applicable damages time period (Opp. at 4; Ex. 3). As explained (Opp. at 5-7), IV has identified claim elements that, on information and belief, are not provided by the IFC suppliers. . . . Further, Southwest's corporate witness, Mr. Muhich testified that Southwest physically installs the IFC

components on the aircrafts. Ex. 3 ("In general, Southwest or one of our -- one of our maintenance vendors would do the physical installation.").

Moreover, Viasat's DJ complaint identifies third-party components as relevant to the infringement allegations for the '326 patent. Dkt. 18-3 at ¶ 48. During his deposition, Mr. Muhich was unable to identify the relevant components for the in-flight systems, but to the extent that discovery regarding the operation of the component is in the possession, custody, and control of a third-party and not the DJ Plaintiffs, the stay in the case would not serve purpose of the customer suit. *Supra* at II. In this case, Southwest does not contend or provide declarations confirming that specific witnesses and design documents critical in the case are in the possession of the IFC providers.

**D. The Traditional Stay Factors do not Warrant a Stay**

A stay is also not warranted under the traditional stay factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set." *Fleet, supra,* at *2. As shown above in Section III.B., because the customer suit stay factors are not met, the traditional stay factors also cannot be met. *Fleet, supra*, at *4.

First, a stay would unduly prejudice or present a clear tactical disadvantage to IV and would not actually simplify the case. Severing the claims to be litigated in Delaware will result in two additional cases and possibly more based on the newly disclosed in-flight connectivity providers. As discussed above, the stay would serve to create endless cases that address the same issues and cannot resolve all of the issues because Southwest is needed to address infringement, and validity will need to be addressed in the present case.

A stay would also deprive IV of its chosen forum and interfere with the expeditious enforcement of its patents against Southwest. Staying this case would delay enforcement of its patents and risk spoliation of infringement evidence. Forcing IV to litigate two patents in Delaware would not allow IV address issues related to [Southwest] including direct and indirect infringement issues given that, based on public information, Southwest provides some of the claim limitations.

With regards to the third and fourth factors related to discovery and trial, the parties jointly moved to enter an Agreed Scheduling Order on March 4, 2025. Dkt. 22. On March 7, 2025, the Court granted the Scheduling Order.[2] Dkt. 24. Under the Scheduling Order, discovery is set to open on July 30, 2025, and close on February 26, 2026. *Id*. Thus far, the parties have already exchanged preliminary infringement and invalidity contentions and are amidst claim construction discussions. Further, under the current, operative Scheduling Order, trial is set for July 27, 2026. Dkt. 24. Accordingly, these factors are neutral or lean in favor of IV.

## V. CONCLUSION

For the foregoing reasons, Southwest's motion to sever and stay should be denied in its entirety.

Dated: June 12, 2025

RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*
Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com

[2] On May 24, 2025, the parties again jointly moved to amend the Scheduling Order, given IV's intention to amend its complaint to assert five additional patents against Southwest. Dkt. 38. The Amended Scheduling Order (Dkt. 38-1), is currently pending before the Court. Under the pending Amended Scheduling, the parties propose that discovery open on December 9, 2025, and close on June 26, 2026, and that trial be scheduled for January 11, 2027.

John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
Jonathan H. Hicks (CA Bar No. 274634)
(Admitted in this District)
jhicks@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6102
Facsimile: (404) 393-9752

Jeceaca An (NY Bar No. 5849898)
(Admitted in this District)
jan@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Mark D. Siegmund (TX Bar No. 24117055)
msiegmund@cjsjlaw.com
Cherry Johnson Siegmund James PLLC
7901 Fish Pond Rd., 2nd Floor
Waco, Texas 76710
Telephone: 254-732-2242
Facsimile: 866-627-3509

*Attorneys for Plaintiffs*
**INTELLECTUAL VENTURES I LLC**
**INTELLECTUAL VENTURES II LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically to all counsel of record, on this 12th day of June 2025, via the Court's CM/ECF System.

/s/ *Jonathan K. Waldrop*
Jonathan K. Waldrop