IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>Defendant. | Civil Action No. 7:24-cv-00277-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Intellectual Ventures' Notice of Supplemental Authority (Dkt. 58) cites the Eastern District of Texas's Memorandum Opinion and Order in *Intellectual Ventures I LLC v. American Airlines, Inc.*, No. 4:24-cv-980, Dkt. 65 (E.D. Tex. July 30, 2025) (Mazzant, J.) (the "Eastern District Order"), which denied American Airlines' motion to sever and stay claims involving Viasat's in-flight connectivity systems asserted under U.S. Patent Nos. 7,324,469 and 8,027,326, patents also asserted here. The Eastern District Order, however, supports granting Southwest's Motion to Sever and Stay Claims Against In-Flight Connectivity Systems Based on the Customer-Suit Exception (Dkt. 17), not denying it.

The Eastern District Order cites two aspects of the case before it to support denial of American Airlines' motion to sever and stay. First, the Eastern District Order states that "[a]ccording to" the allegations of the I.V. plaintiffs, the accused "functionality implicates [American Airlines'] own infrastructure—specifically, a passenger-facing web portal used for authentication and access." *Id.* at 5. In Judge Mazzant's view, that suggests "the asserted claims

1

encompass the interaction between hardware supplied by third-party vendors and systems operated by [American Airlines] itself." *Id.* Without discovery, Judge Mazzant reviewed I.V.'s allegations and did not view American Airlines "as a mere reseller or end user." *Id.* Bus this Court has already ordered discovery into Southwest's motion, and that discovery confirmed that Viasat and Anuvu, not Southwest, provide the "passenger-facing web portal used for authentication and access" cited by the Eastern District Order. *See, e.g.*, Dkt. 48 at 4–5. On the facts revealed by this Court's discovery order, the Court should "view Defendant as a mere reseller or end user" and grant the motion.

Second, the Eastern District Order relies on American Airlines' "use of multiple third-party providers—Viasat, Intelsat, and Panasonic—for in-flight Wi-Fi services." *Id.* at 6. But both of Southwest's vendors—Viasat and Anuvu—have filed declaratory judgment actions in the District of Delaware. *See Viasat, Inc. v. Intellectual Ventures*, No. 25-56 (D. Del. Jan. 14, 2025); *Anuvu Corp. v. Intellectual Ventures*, No. 25-124 (D. Del. Jan. 30, 2025). Because those two vendors account for all of Southwest's allegedly infringing systems, the pending actions will resolve all claims related to the '326 and '469 patents. A stay in this action will therefore avoid the concerns raised in the Eastern District Order about "parallel proceedings" (*id.* at 7) and "efficiency" (*id.* at 8). The District of Delaware has confirmed Viasat's action there will proceed, and I.V. has filed counterclaims asserting infringement by Viasat's products. *Intellectual Ventures I LLC v. Viasat, Inc.*, No. 25-56, Dkt. 65 (D. Del. July 25, 2025); *see id.* Dkt. 67 (public version). In light of these developments, granting Southwest's motion is the only way to avoid parallel proceedings, to promote judicial efficiency and to avoid inconsistent outcomes—precisely the objectives the

Federal Circuit emphasized in *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014).[1] Southwest has agreed to be bound by the outcome of that action on infringement and invalidity. *See* Dkt. 48 at 5–6. Litigating those issues in Delaware—where both manufacturers are before the court—will promote efficiency and protect against inconsistent judgments, as Judge Connolly has already pointed out. *See* Dkt. 57 at 2. The Eastern District Order did not address these points.

In short, the two aspects of the *American Airlines* case cited by the Eastern District Order as supporting denial of a stay point in the opposite direction here. The Eastern District Order rests its denial of a stay on those two aspects, and acknowledges that other aspects of its case (also present here) support a stay. To the extent this Court finds it persuasive, the Eastern District Order thus counsels this Court to grant Southwest's Motion to Sever and Stay (Dkt. 17).

---

[1] IV's references to other supposed suppliers are addressed in Southwest's supplemental brief (Dkt. 48), which explains that any such systems are legacy, fall outside the damages period, and are irrelevant to this analysis. If any claim concerning those legacy systems were somehow viable, those claims can be severed and separately addressed, just as this Court did in *Flygrip, Inc. v. Walmart Inc.*, No. 21-1082, 2022 WL 2373714, at *4 (W.D. Tex. June 29, 2022).

Date: August 1, 2025

Respectfully submitted,

/s/ *S. Wallace Dunwoody*
Michael C. Wilson
State Bar No. 21704590
mwilson@munckwilson.com
S. Wallace Dunwoody
State Bar No. 24040838
wdunwoody@munckwilson.com
**Munck Wilson Mandala, LLP**
2000 McKinney Avenue, Suite 1900
Dallas, TX 75201
(972) 628-3600
(972) 628-3616 fax

David G. Henry
Texas Bar. No. 09479355
dhenry@munckwilson.com
**Munck Wilson Mandala, LLP**
510 Austin Avenue, Suite 3100
Waco, Texas 76701
(254) 362-2300
(254) 362-2304 fax

Tri T. Truong
Texas State Bar No. 24102969
ttruong@munckwilson.com
**Munck Wilson Mandala, LLP**
807 Las Cimas Parkway, Suite 300
Austin, Texas 78756
737-201-1600
737-201-1601 fax

*Attorneys for Southwest Airlines Co.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 1, 2025, the foregoing document has been served on all counsel of record via the Court's CM/ECF system.

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody
