## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | Civil Action No. 7:24-cv-00277-ADA |
| *Plaintiffs,* | |
| v. | JURY TRIAL DEMANDED |
| SOUTHWEST AIRLINES CO., | |
| *Defendant.* | |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE OUT OF TIME RESPONSE

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC ("Plaintiffs" or "Intellectual Ventures") moves for leave to file its response to Defendant Southwest Airlines Co.'s ("Defendant" or "Southwest") Rule 12(b)(6) Motion to Dismiss) (Dkt. 55) out-of-time, after the deadline.

This is a good-faith request for a short extension—filed promptly upon discovery of an inadvertent oversight—that will not disrupt the Court's schedule or prejudice the Defendant in any way. The delay was caused by a rare confluence of events, including an internal docketing error, an office relocation, and preparation for an expedited trial in another matter. Courts in this District, including this Court, grant such requests where the delay is brief, the moving party acts quickly once aware of the issue, and no party is prejudiced. Plaintiffs meet every factor for "excusable neglect" under Rule 6(b)(1)(B) and respectfully request leave to file their response to Defendant's Motion to Dismiss.

### I.    BACKGROUND

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC ("Intellectual Ventures" or "Plaintiffs") seek leave to file their response to Defendant Southwest Airlines Co.'s

("Southwest" or "Defendant") Rule 12(b)(6) Motion to Dismiss (Dkt. 55) after the deadline. Southwest filed its motion on July 9, 2025, making Plaintiffs' response due July 23, 2025. Due to multiple filings on that same date, the motion was inadvertently not entered into counsel's internal docketing system.

This oversight was compounded by counsel's relocation from Redwood Shores to San Francisco, as well as the demands of preparing for an expedited trial in *Fintiv, Inc. v. Apple Inc.*, Case No. 1:21-cv-00896-ADA, which had just returned from the Federal Circuit. In that case, on June 24, 2025, this Court set a Final Pretrial Conference for July 30, 2025, jury selection for July 31, 2025, and trial for August 4, 2025—dates that significantly compressed counsel's preparation time.

As soon as the oversight was discovered, Plaintiffs promptly contacted Southwest to seek agreement on an out-of-time filing. Although Southwest was unable to obtain client approval before this filing, Plaintiffs now seek leave of Court to submit their response and will update the Court should Southwest agree to the requested relief.

## II.    APPLICABLE LAW

Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may, for good cause, extend a deadline after it has expired upon a showing of "excusable neglect." F.R.C.P 6(b)(1)(B). The Fifth Circuit considers factors such as:

1. The presence of extenuating circumstances;
2. Whether the party promptly sought leave to file late;
3. The length of the delay;
4. Whether the failure was egregious;
5. The effect on the Court's docket; and
6. Any prejudice to the opposing party.

*See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006). Courts in this District have

granted similar requests where a short delay resulted from docketing errors, and where no prejudice or docket disruption would result. *See Mata v. United States*, No. SA:13-CV-220-DAE, 2014 WL 37638, at *2 (W.D. Tex. Jan. 3, 2014).

This Court has granted requests for out-of-time responses when good cause is shown. In one such case, this Court agreed to allow a response to file out of time based on a docketing issue when the motion was not sufficiently delayed, and the error does not hinder the Court's docket or require significant adjustments to case deadlines. *Mata v. United States*, No. SA:13-CV-220-DAE, 2014 WL 37638, at *2 (W.D. Tex. Jan. 3, 2014) (allowing out of time filing despite responding well past deadline based on docking error).

## III. ARGUMENT

### a. Extenuating Circumstances

The delay arose from an isolated docketing error during an unusually disruptive period involving both an office relocation and an expedited trial schedule in another case. These circumstances mirror those in *Mata*, where the Court permitted an out-of-time filing due to similar docketing issues. Additionally, these motions were filed during an abnormal time, when counsel for Intellectual Ventures was moving offices from Redwood Shores to San Francisco, which disrupted the normal workflow process. Downing Decl. ¶ 5. This also occurred during a time when counsel for Intellectual Ventures had an expedited trial schedule on another case that had just returned from a Federal Circuit Appeal, *Fintiv, Inc. v. Apple Inc.*, Case No. 1:21-cv-00896-ADA, a case for which counsel for Intellectual Ventures represented Fintiv, Inc. Downing Decl. In this case, on June 24, 2025, the court set forth a trial schedule, including Final Pre-Trial Conference on July 30, 2025, Jury Selection on July 31, 2025, and Trial beginning at 9:00 AM CT on August 4, 2025. Dkt. 483. Downing Decl. ¶ 6. Counsel for Intellectual Ventures sought leave

of Court to delay the trial at that time, in part, because of the office move, but the request was denied. Ex. 1. Thus, while unfortunate, there are extenuating circumstance that weigh in favor of Factor 1.

### b. Prompt Action Upon Discovery

Immediately after learning of the missed deadline, local counsel for Plaintiffs contacted Southwest, requesting an out-of-time response on the same day. Downing Decl. ¶ 7. This Motion was promptly filed after Southwest confirmed it did not yet have an answer from Southwest on whether to agree to the request.

### c. The Length of Delay

The delay was only 21 days—far shorter than the 62 days in extensions that Plaintiffs previously granted to Southwest for its own filings (Dkts. 7, 9). Fact discovery is set to open on December 9, 2025. *Id*. at 7. With fact discovery not opening until December 9, 2025, and trial set for January 11, 2027, the response will be filed well before any substantive deadlines. *See Dkt.* 7 (45 days, from November 26, 2024 to January 10, 2025); Dkt. 9 (17 days, from January 10, 2025 to January 27, 2025).

### d. No Egregious Conduct

The missed deadline was the product of an administrative oversight, not willful delay or bad faith. Plaintiffs have otherwise diligently prosecuted this case.

### e. No Impact on the Court's Docket

Allowing the response will not require any changes to the existing schedule, which was recently extended (Dkt. 53). The Court has not conducted claim construction.

### f. No. Prejudice to Defendant; Significant Prejudice to Plaintiffs

4

Southwest will suffer no prejudice from the short delay, whereas Plaintiffs would face severe prejudice if unable to respond to a motion seeking dismissal of four asserted patents.

## III. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant leave to file their response to Southwest's Motion to Dismiss out of time. A proposed order is submitted herewith.

Dated: August 13, 2025                              RESPECTFULLY SUBMITTED,


By: */s/ Jonathan K. Waldrop*
    Jonathan K. Waldrop (CA Bar No. 297903)
    (Admitted in this District)
    jwaldrop@kasowitz.com
    Darcy L. Jones (CA Bar No. 309474)
    (Admitted in this District)
    djones@kasowitz.com
    Marcus A. Barber (CA Bar No. 307361)
    (Admitted in this District)
    mbarber@kasowitz.com
    John W. Downing (CA Bar No. 252850)
    (Admitted in this District)
    jdowning@kasowitz.com
    Heather S. Kim (CA Bar No. 277686)
    (Admitted in this District)
    hkim@kasowitz.com
    ThucMinh Nguyen (CA Bar No. 304382)
    (Admitted in this District)
    tnguyen@kasowitz.com
    Jonathan H. Hicks (CA Bar No. 274634)
    (Admitted in this District)
    jhicks@kasowitz.com
    **KASOWITZ LLP**
    101 California Street, Suite 3950
    San Francisco, California 94111
    Telephone: (415) 421-6140
    Facsimile: (415) 358-4408

    Jeceaca An (NY Bar No. 5849898)
    (Admitted in this District)
    jan@kasowitz.com
    **KASOWITZ LLP**
    1633 Broadway
    New York, NY 10019
    Telephone: (212) 506-1700
    Facsimile: (212) 506-1800

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ LLP**
1230 Peachtree Street, N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6102
Facsimile: (404) 393-9752

Mark D. Siegmund (TX Bar No. 24117055)
msiegmund@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND
JAMES PLLC**
7901 Fish Pond Rd., 2nd Floor
Waco, Texas 76710
Telephone: 254-732-2242
Facsimile: 866-627-3509

*Attorneys for Plaintiffs*
*INTELLECTUAL VENTURES I LLC*
*INTELLECTUAL VENTURES II LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically to all counsel of record, on this 13th day of August, 2025, via the Court's CM/ECF System.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop
