IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>　　　　Defendant. | §§§§§§§§§§§§ Civil Action No. 7:24-cv-00277-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE OUT OF TIME RESPONSE**

　　Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC ("IV") seek leave to file, a month late, their response to Southwest Airlines Co.'s ("Southwest") Motion to Dismiss (Dkt. 55). IV does not dispute that its response was due on July 23, 2025, or that the deadline passed without any filing. Instead, it characterizes the lapse as an "unfortunate oversight" caused by a docketing error, an office relocation, and counsel's obligations in another case. Whether those circumstances amount to "excusable neglect" rests within the Court's discretion.

　　Southwest's Motion to Dismiss identifies threshold defects in IV's Complaint—including lack of patent eligibility, failure to plead marking under 35 U.S.C. § 287, and failure to identify any specific infringing use. The Court may deny IV's motion, apply Local Rule 7(e)(2), and treat the Motion to Dismiss as unopposed, thereby resolving these defects now. That course would conserve judicial and party resources and enforce the integrity of deadlines. In any event, Southwest is confident it should prevail on the merits even if an untimely response is allowed.

1

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1)(B) permits a court to extend a deadline after it has expired "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6. The Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) identified factors relevant to whether a party failed to act due to "excusable neglect": (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay and whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. The Fifth Circuit has emphasized that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Midwest Emps. Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998) (quoting *Pioneer*, 507 U.S. at 392).

Separately, under the Western District's local rules, "A response to a dispositive motion shall be filed not later than 14 days after the filing of the motion. . . . If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(e)(2).

## II. ARGUMENT

### A. Excusable Neglect

The Fifth Circuit has held that attorney error in calendaring does not normally excuse a missed filing, even where counsel acted in good faith. *See Midwest Emps. Cas. Co.*, 161 F.3d at 878, 880 (holding no excusable neglect where counsel miscalculated the time to file an appeal). Here, IV attributes the missed deadline to a "rare confluence" of a docketing error, an office relocation, and counsel's obligations in another trial. First, those are foreseeable practice issues, not extraordinary circumstances beyond counsel's control. Second, the difference between a timely, courtesy extension sought before the deadline and a request made weeks after it has passed

is material. During the three-week lapse, IV remained active on this docket, including filing a Notice of Supplemental Authority (Dkt. 58) and a response to Southwest's response to that notice (Dkt. 60). In the related action between these parties, IV also filed a timely response to Southwest's motion to dismiss on July 22, 2025 (No. 7:25-cv-00252-ADA, Dkt. 13)—the day before its response was due here. On this record, the reason-for-delay factor weighs against a finding of excusable neglect. All the same, whether to excuse the missed deadline remains within the Court's discretion under Rule 6(b)(1)(B).

**B.       IV's Delay Was Significant and Prejudicial**

The length of delay further undermines IV's request. Delays of even twelve days have been considered long delays. *See, e.g.*, *In the Matter of: Prism Graphics, Inc.*, 666 F. App'x 355, 357 (5th Cir. 2016) (affirming denial of motion to extend time where twelve days passed after the deadline to file). Here, the twenty-one-day lapse at the pleadings stage is not minimal. By missing the response deadline, IV eliminated the opportunity for early resolution of Southwest's Rule 12 motion without additional briefing and also risks forcing Southwest to incur work—such as preparing invalidity contentions—that could prove unnecessary if the Motion to Dismiss is granted in whole or in part. That is concrete prejudice the rules are designed to prevent.

The case-management impact is likewise material. Since the Complaint was filed on November 2, 2024, the case remains at the pleadings stage. IV's decision to seek leave to amend to add multiple patents has already prolonged resolution of threshold issues. Enforcing deadlines here serves judicial economy and avoids further inefficiency.

**C.       Denial of IV's Motion for Leave is Justified and Will Streamline this Case**

The threshold defects identified in Southwest's Motion to Dismiss—including lack of patent eligibility under § 101, failure to plead compliance with 35 U.S.C. § 287, and the absence of any specific unlicensed infringing uses—underscore why enforcing the deadline is appropriate.

Under W.D. Tex. Civ. R. 7(e)(2), where no timely response is filed, the Court may grant the motion as unopposed. Denying leave and applying the local rule would conserve judicial and party resources and move this case past the pleadings stage without further delay.

Southwest recognizes that the Court may prefer to reach the merits. If the Court permits a late response, Southwest is prepared to reply promptly. But that preference does not eliminate the Court's discretion to enforce deadlines and to deem the Motion to Dismiss unopposed when a party fails to respond within the prescribed period. Rule 6(b)(1)(B) and Local Rule 7(e)(2) authorize denial of IV's motion and entry of the requested relief now.

### III.   CONCLUSION

The *Pioneer* factors do not compel a finding of excusable neglect. IV's reasons were within counsel's reasonable control; the twenty-one-day lapse and its case-management impact are not minimal; and the delay imposes practical prejudice. Although IV claims prompt action once the miss was discovered, that does not outweigh the other factors. The Court would be well within its discretion to deny IV's Motion for Leave and, under Local Rule 7(e)(2), grant Southwest's Motion to Dismiss as unopposed.

Date: August 20, 2025

Respectfully submitted,

*/s/ S. Wallace Dunwoody*
Michael C. Wilson
State Bar No. 21704590
mwilson@munckwilson.com
S. Wallace Dunwoody
State Bar No. 24040838
wdunwoody@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
2000 McKinney Avenue, Suite 1900
Dallas, TX 75201
(972) 628-3600
(972) 628-3616 fax

        David G. Henry
        Texas Bar. No. 09479355
        dhenry@munckwilson.com
        **MUNCK WILSON MANDALA, LLP**
        510 Austin Avenue, Suite 3100
        Waco, Texas 76701
        (254) 362-2300
        (254) 362-2304 fax

        Tri T. Truong
        Texas State Bar No. 24102969
        ttruong@munckwilson.com
        **MUNCK WILSON MANDALA, LLP**
        807 Las Cimas Parkway, Suite 300
        Austin, Texas 78756
        737-201-1600
        737-201-1601 fax

        *Attorneys for Southwest Airlines Co.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 20, 2025, the foregoing document has been served on all counsel of record via the Court's CM/ECF system.

        */s/ S. Wallace Dunwoody*
        S. Wallace Dunwoody