# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

|  |  |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | |
| *Plaintiff,* | Civil Action No. 7:24-cv-00277-ADA |
| v. | JURY TRIAL DEMANDED |
| SOUTHWEST AIRLINES CO., | |
| *Defendant.* | |

## PLAINTIFFS' REPLY IN SUPPORT OF ITS
## MOTION FOR LEAVE TO FILE OUT OF TIME RESPONSE

## **<u>TABLE OF CONTENTS</u>**

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     SOUTHWEST FAILS TO ADDRESS THE GOVERNING FACTORS ......................... 1

        A.      Extenuating Circumstances Beyond a Docketing Error ......................................... 1

        B.      Prompt Action Once the Oversight Was Discovered ............................................. 2

        C.      The Brief Length of Delay and Absence of Egregiousness.................................... 2

        D.      No Prejudice or Docket Impact............................................................................ 3

        E.      Equitable Considerations Favor Relief ................................................................. 3

III.    CONCLUSION.................................................................................................... 3

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In the Matter of: Prism Graphics, Inc.*,
  666 F. App'x 355 (5th Cir. 2016) ..............................................................................2

*Mata v. United States*,
  No. SA:13-CV-220-DAE, 2014 WL 37638 (W.D. Tex. Jan. 3, 2014)............................1, 2, 3

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
  507 U.S. 380 (1993)...................................................................................................2, 3

**Other Authorities**

Fed R. Civ. P. 6(b)(1)(B) ...............................................................................................1

Fed R. Civ. P. 12 ...........................................................................................................3

## I.    <u>INTRODUCTION</u>[1]

Southwest's opposition rests on a narrow mischaracterization of Plaintiffs' motion as a mere docketing error. In doing so, it sidesteps the controlling factors for excusable neglect under Rule 6(b)(1)(B) and ignores the broader circumstances that caused the brief delay. The record shows that the delay resulted from a confluence of extenuating circumstances, was promptly corrected once discovered, and has caused no prejudice to Southwest or the Court. For each factor, Southwest argues that invalidating patents would create case efficiencies, despite Southwest agreeing to add patents to the case. Southwest's arguments are not real ones. To deny leave would result in severe prejudice at a time when the case is at its infancy.

## II.    <u>SOUTHWEST FAILS TO ADDRESS THE GOVERNING FACTORS</u>

Courts in this District and Circuit apply the six Pioneer factors: (1) the presence of extenuating circumstances, (2) whether the movant promptly sought leave to file late, (3) the length of delay, (4) whether the failure was egregious, (5) the effect on the Court's docket, and (6) prejudice to the opposing party. *See Mata v. United States*, No. SA:13-CV-220-DAE, 2014 WL 37638, at *3–6 (W.D. Tex. Jan. 3, 2014). Southwest does not meaningfully address these factors. Its silence amounts to a concession.

### A.    <u>Extenuating Circumstances Beyond a Docketing Error</u>

IV's delay was not the product of simple carelessness, but of extenuating circumstances. Plaintiffs were simultaneously managing multiple filings in other complex cases, navigating a disruptive office relocation, and responding to a parallel case in which the Court scheduled trial on unusually short notice after a Federal Circuit remand. Courts have found excusable neglect in far less compelling situations. *See Mata Supra*. Southwest's only response is that IV remained

---

[1] Attached hereto as Exhibit A is IV's proposed Opposition to Southwest's Motion to Dismiss.

active on the docket during this time (Opp. at 3), including filing a timely response to another motion to dismiss, but this is precisely the point. This error was not intentional. While the missed deadline is unfortunate, it shows that the extenuating circumstances such as moving servers and moving supplies, and having to prepare and coordinate for a trial on short notice, including travel to Texas, while moving people to a new location are extenuating and contributing factors that contributed to the error. This factor weighs in favor of leave.

### B.    Prompt Action Once the Oversight Was Discovered

As explained in IV's original motion, Plaintiffs acted immediately after discovering the missed deadline in an internal review. They promptly prepared and filed this motion for leave, demonstrating diligence and good faith and notified Southwest the day the issue was discovered. *See Mata*, 2014 WL 37638, at *4 (finding prompt corrective action favored excusable neglect). Southwest does not argue that IV did not meet this factor. Thus, this factor weighs in favor of IV's request.

### C.    The Brief Length of Delay and Absence of Egregiousness

The delay was 21 days in a case that will span years. Fact discovery has not begun, expert reports are not due until 2026, and trial is scheduled for 2027. This short delay is minimal in context and does not rise to the level of egregious conduct. Rather, it was an isolated oversight caused by extenuating circumstances, not a pattern of neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Southwest misapplies *In the Matter of: Prism Graphics, Inc.,* 666 F. App'x 355, 357 (5th Cir. 2016). Southwest argues that the Court found that 12 days were considered "long." But the deadline in *Prisim* related to an appeal and the Court found that "twelve-day delay was long, but the delay was consistent with counsel's mistake and held that it would have found excusable neglect if good faith, prejudice, and delay were the only factors analyzed. *Id.* Southwest next argues that IV eliminated the opportunity for early resolution of

2

Southwest's Rule 12 motion without additional briefing and that Southwest would need to prepare invalidity contentions now, if the Court does not dismiss IV's patents. But Southwest's arguments highlight the severe prejudice to IV that IV would incur. Southwest's argument that it would have to incur work if the Court does not invalidate IV's patents do not favor the length of delay as significant or prejudicial. This factor weighs in favor of IV.

### D.    No Prejudice or Docket Impact

Southwest identifies no actual prejudice, and none exists. Southwest admits that the case "is at the pleading stage." (Opp. at 3). Southwest's only argument is that the case would be streamlined because the case would consist of less patents. Again, this does not support prejudice on Southwest or show a docket impact. It shows that failure to deny leave would irreparably prejudice Plaintiffs by barring them from responding to a dispositive motion seeking dismissal of asserted patents. *See Pioneer*, 507 U.S. at 395.

Southwest also argues the case should be "streamlined." But Plaintiffs already accommodated Southwest with a schedule in exchange for IV's request to add patents. The operative schedule thus already accounts for the number of patents. Having received these accommodations, Southwest should not be allowed to argue that there should be less.

### E.    Equitable Considerations Favor Relief

Equity favors Plaintiffs. Plaintiffs acted in good faith, promptly corrected the oversight, and previously extended Southwest over 60 days of professional accommodations. Courts strongly prefer resolving cases on their merits, not through procedural forfeitures. Southwest's refusal to reciprocate underscores the inequity of its position.

## III.    CONCLUSION

The delay was brief, non-prejudicial, and arose from excusable neglect under *Pioneer* and *Mata*. Plaintiffs respectfully request that the Court grant leave to file their response out of time.

Dated: August 27, 2025                    RESPECTFULLY SUBMITTED,


By: */s/ Jonathan K. Waldrop*
    Jonathan K. Waldrop (CA Bar No. 297903)
    (Admitted in this District)
    jwaldrop@kasowitz.com
    Darcy L. Jones (CA Bar No. 309474)
    (Admitted in this District)
    djones@kasowitz.com
    Marcus A. Barber (CA Bar No. 307361)
    (Admitted in this District)
    mbarber@kasowitz.com
    John W. Downing (CA Bar No. 252850)
    (Admitted in this District)
    jdowning@kasowitz.com
    Heather S. Kim (CA Bar No. 277686)
    (Admitted in this District)
    hkim@kasowitz.com
    ThucMinh Nguyen (CA Bar No. 304382)
    (Admitted in this District)
    tnguyen@kasowitz.com
    Jonathan H. Hicks (CA Bar No. 274634)
    (Admitted in this District)
    jhicks@kasowitz.com
    **KASOWITZ LLP**
    101 California Street, Suite 3950
    San Francisco, California 94111
    Telephone: (415) 421-6140
    Facsimile: (415) 358-4408

    Jeceaca An (NY Bar No. 5849898)
    (Admitted in this District)
    jan@kasowitz.com
    **KASOWITZ LLP**
    1633 Broadway
    New York, NY 10019
    Telephone: (212) 506-1700
    Facsimile: (212) 506-1800

    Paul G. Williams (GA Bar No. 764925)
    (Admitted in this District)
    pwilliams@kasowitz.com
    **KASOWITZ LLP**
    1230 Peachtree Street, N.E., Suite 2445
    Atlanta, Georgia 30309
    Telephone: (404) 260-6102
    Facsimile: (404) 393-9752

Mark D. Siegmund (TX Bar No. 24117055)
msiegmund@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND
JAMES PLLC**
7901 Fish Pond Rd., 2nd Floor
Waco, Texas 76710
Telephone: 254-732-2242
Facsimile: 866-627-3509

*Attorneys for Plaintiffs*
*INTELLECTUAL VENTURES I LLC*
*INTELLECTUAL VENTURES II LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically to all counsel of record on this 27th day of August, 2025, via the Court's CM/ECF system.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop
