UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I, LLC,<br>INTELLECTUAL VENTURES II LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>*Defendant.* | Civil Action No. 7:24-cv-00277-ADA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S RESPONSE TO
PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC, ("Plaintiffs" or "IV") respectfully submit this Response to Southwest's Response (Dkt. 59) ("Southwest's Response") to IV's Notice of Supplemental Authority regarding Southwest's Motion to Sever and Stay Claims (Dkt. 58). Plaintiffs respectfully request that the Court either disregard the argumentative portions of Southwest's notice or grant Plaintiffs leave to respond, as done here. Plaintiffs further respectfully request that the Court deny Southwest's Motion to Sever and Stay Claims (Dkt. 17) in its entirety, consistent with the decision from Judge Mazzant in the Eastern District of Texas.

   **I.   Southwest's Notice Is Procedurally Improper**

Southwest's filing is improper. Rather than simply alerting the Court to new authority, Southwest uses the filing to advance new substantive argument in support of its motion to sever and stay. Such arguments are improper without leave of Court and exceeds the purpose and scope of a notice of subsequent authority and uses it to mischaracterize and supplement the record.

Accordingly, the Court should either disregard the argumentative portions of Southwest's notice or grant Plaintiffs leave to respond, as done here.

II. **The Customer-Suit Exception Does Not Apply**

In its order, Judge Mazzant expressly rejected the notion that airlines like American—and by extension, Southwest—are merely passive customers. Ex. 1. The court concluded: "American Airlines has been accused of operating systems that are integral to the provision of the infringing service." *Id*. at 5. Here, IV has similarly alleged that Southwest actively participates in the design, integration, and user experience of the accused connectivity systems. Dkt. 46 at 2. Southwest contracts directly with passengers, controls branding, and influences the architecture of the infringing service. *Id*. Without supporting citations, Southwest argues that discovery related to the motion to stay confirmed that a passenger-facing web portal used for authentication and access is supplied by ▬▬▬▬▬. Dkt. 59 at 1. Southwest provides no pin cite to its position. *Id*. In any case, Southwest's argument is incorrect and is contrary to IV's brief that refutes this position. Dkt. 18 at 4-8.

Moreover, Southwest's Response mischaracterizes the number of relevant vendors. Southwest's notice identifies only ▬▬▬▬▬ and argues that the Court should stay and sever the case because of the declaratory judgments filed in Delaware. Dkt. 59 at 2. Southwest ignores the fact that the vendors overlap with the American case. Southwest also completely ignores ▬▬▬▬▬, which are additional relevant vendors. Dkt. 46 at 3; Dkt. 17; Dkt. 46-4 at 33:14-24. Indeed, although Southwest had initially served declarations identifying only ▬▬▬▬▬, Southwest later admitted in amended discovery responses and in deposition ▬▬▬▬▬ was an additional vendor. Dkt. 17. Additionally, during deposition, Southwest confirmed that ▬▬▬▬▬ technology was acquired through a merger with ▬

2

██, the airplanes later being ██ to Delta. Dkt. 46 at 3; Dkt. 17; Dkt. 46-4 at 33:14-24. Southwest's Notice simply mischaracterizes the record.

Finally, the customer-suit exception is inapplicable for the reasons the Eastern District recognized. Ex. 1. Southwest is not a peripheral user of an off-the-shelf product; it is a central implementer of the accused system and is directly involved in its operation and configuration. Even if Southwest's vendors are engaged in parallel litigation, the claims here involve facts and configurations unique to Southwest. Severance would require duplicative proceedings and delay resolution of the full scope of infringement—precisely what courts aim to avoid.

### III.   CONCLUSION

Southwest's attempt to reargue its motion under the guise of a response to a notice of supplemental authority should be disregarded. In any event, the cited Eastern District Order supports denial of the motion to sever and stay. Plaintiffs respectfully request that the Court deny the motion in its entirety, consistent with the decision from Judge Mazzant in the Eastern District of Texas.

Dated: August 11, 2025                          RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*
    Jonathan K. Waldrop (CA Bar No. 297903)
    (Admitted in this District)
    jwaldrop@kasowitz.com
    Darcy L. Jones (CA Bar No. 309474)
    (Admitted in this District)
    djones@kasowitz.com
    Marcus A. Barber (CA Bar No. 307361)
    (Admitted in this District)
    mbarber@kasowitz.com
    John W. Downing (CA Bar No. 252850)
    (Admitted in this District)
    jdowning@kasowitz.com
    Heather S. Kim (CA Bar No. 277686)
    (Admitted in this District)
    hkim@kasowitz.com
    ThucMinh Nguyen (CA Bar No. 304382)
    (Admitted in this District)
    tnguyen@kasowitz.com
    Jonathan H. Hicks (CA Bar No. 274634)
    (Admitted in this District)
    jhicks@kasowitz.com
    **KASOWITZ LLP**
    101 California Street, Suite 3950
    San Francisco, California 94111
    Telephone: (415) 421-6140
    Facsimile: (415) 358-4408

    Jeceaca An (NY Bar No. 5849898)
    (Admitted in this District)
    jan@kasowitz.com
    **KASOWITZ LLP**
    1633 Broadway
    New York, NY 10019
    Telephone: (212) 506-1700
    Facsimile: (212) 506-1800

    Paul G. Williams (GA Bar No. 764925)
    (Admitted in this District)
    pwilliams@kasowitz.com
    **KASOWITZ LLP**
    1230 Peachtree Street, N.E., Suite 2445
    Atlanta, Georgia 30309

Telephone: (404) 260-6102
Facsimile: (404) 393-9752

Mark D. Siegmund (TX Bar No. 24117055)
msiegmund@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
7901 Fish Pond Rd., 2nd Floor
Waco, Texas 76710
Telephone: 254-732-2242
Facsimile: 866-627-3509

*Attorneys for Plaintiffs*
*INTELLECTUAL VENTURES I LLC*
*INTELLECTUAL VENTURES II LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served or delivered electronically to all counsel of record on August 11, 2025, via the Court's CM/ECF system.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop
