IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I, LLC and INTELLECTUAL VENTURES II LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>*Defendant.* | Civil Action No. 7:24-cv-00277-ADA<br><br>JURY TRIAL DEMANDED |

### DEFENDANT SOUTHWEST AIRLINES CO.'S UNOPPOSED MOTION FOR LEAVE TO INCREASE THE NUMBER OF CLAIM TERMS AND PAGE LIMITS FOR OPENING AND RESPONSIVE CLAIM CONSTRUCTION BRIEFS

Defendant Southwest Airlines Co. ("Southwest") respectfully moves for leave to structure claim construction proceedings and briefing in a manner consistent with the Court's January 23, 2024, Standing Order Governing Proceedings ("OGP") and tailored to the ten asserted patents in this action. Specifically, Southwest seeks leave to: (1) split the *Markman* hearing into two hearings, with each hearing addressing claim terms for five patents; and (2) set the number of terms and page limits for each group consistent with the Court's OGP. In the alternative, if the Court prefers a single consolidated *Markman* hearing for all asserted patents, Southwest proposes a single hearing following the completion of briefing on all terms. Pursuant to the Court's OGP, Southwest conferred with Plaintiffs Intellectual Ventures I, LLC and Intellectual Ventures II, LLC ("IV") on October 6, 2025 to discuss the Court's default limitations on the number of claim terms and page counts for claim construction briefing. IV does not oppose this motion.

Southwest requests the Court adopt the following claim construction structure and briefing limits, anchored in the OGP's default framework for disputes involving multiple patents:

1

1. Two *Markman* hearings, each addressing claim construction for five asserted patents. The first hearing would address five patents including the asserted U.S. Patent No. 8,027,326 (the '326 Patent), and the second hearing would address five patents not including the '326 Patent.

2. For the group of five patents not including the '326 Patent, the Parties will brief ten (10) disputed terms for construction, with a principal brief page limit of thirty (30) pages per side and reply briefs consistent with the OGP's default page allocations.[1]

3. For the group of five patents including the '326 Patent, the Parties will brief up to eight (8) disputed terms for construction, with a principal brief page limit of twenty-five (25) pages per side and reply briefs consistent with the OGP's default page allocations.[2]

4. The group of five patents including the '326 Patent will be briefed before the group of five patents not including the '326 Patent, and to the extent the Court prefers two *Markman* hearings, the hearing for the group of five patents including the '326 Patent will be first, followed by the group of five patents not including the '326 Patent.

This case involves **ten** patents across eight patent families, justifying an increase of the default page limitations and limit on the number of claim terms. Southwest's proposed structure reflects the OGP's default guidance for disputes involving three to five patents and proportionally scales the number of terms and pages to the two five-patent groupings at issue here. It will facilitate manageable and focused hearings, reduce unnecessary conflicts in the record, and conserve

---

[1] This group of five patents includes U.S. Patent Nos. 7,712,080 ("'080 Patent"); 7,257,582 ("'582 Patent"); 8,352,584 ("'584 Patent"); 7,324,469 ("'469 Patent"); and 11,032,000 ("'000 Patent").

[2] This group of five patents includes U.S. Patent Nos. 7,721,282 ("'282 Patent"); 8,407,722 ("'722 Patent"); 7,949,785 ("'785 Patent"); 8,332,844 ("'844 Patent"), and the '326 Patent.

judicial resources while providing the parties a fair opportunity to present their claim construction positions.

For the foregoing reasons, Southwest respectfully requests that the Court grant leave to structure claim construction proceedings as follows: two Markman hearings, each addressing five asserted patents; up to ten terms and a thirty-page principal brief limit for the five-patent group not including the '326 Patent; and up to eight terms and a twenty-five-page principal brief limit for the five-patent group including the asserted '326 Patent. In the alternative, Southwest requests that the Court set a single Markman hearing to occur after briefing on all terms is complete.

| | |
|---|---|
| Dated: October 13, 2025 | Respectfully submitted, |
| | /s/ S. Wallace Dunwoody<br>Michael C. Wilson<br>Texas Bar No. 21704590<br>mwilson@munckwilson.com<br>S. Wallace Dunwoody<br>Texas Bar No. 24040838<br>wdunwoody@munckwilson.com<br>**MUNCK WILSON MANDALA, LLP**<br>2000 McKinney Avenue, Suite 1900<br>Dallas, Texas 75201<br>(972) 628-3600<br>(972) 628-3616 fax |
| | David G. Henry<br>Texas Bar. No. 09479355<br>dhenry@munckwilson.com<br>**MUNCK WILSON MANDALA, LLP**<br>510 Austin Avenue, Suite 3100<br>Waco, Texas 76701<br>(254) 362-2300<br>(254) 362-2304 fax |

>Tri T. Truong
>Texas Bar No. 24102969
>ttruong@munckwilson.com
>**MUNCK WILSON MANDALA, LLP**
>807 Las Cimas Parkway, Suite 300
>Austin, Texas 78756
>737-201-1600
>737-201-1601 fax
>
>*Attorneys for Southwest Airlines Co.*

## **CERTIFICATE OF CONFERENCE**

I, the undersigned counsel, hereby certify that I conferred with counsel for Plaintiffs on October 6, 2025, regarding the relief requested herein. The motion is unopposed.

>*/s/ S. Wallace Dunwoody*
>S. Wallace Dunwoody

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 13, 2025, the foregoing document has been served on all counsel of record via the Court's CM/ECF system.

>*/s/ S. Wallace Dunwoody*
>S. Wallace Dunwoody