# EXHIBIT A-4

PNTA-P006                                                                                           <u>Patent</u>

<u>IN THE UNITED STATES PATENT AND TRADEMARK OFFICE</u>

| | | | |
|---|---|---|---|
| Applicant | : Kulkarni, et al. | Confirmation | : 2625 |
| Serial No. | : 11/395,816 | Examiner | : Khatri, Anil |
| Filing Date | : 03/30/2006 | Art Unit | : 2191 |

Attorney Docket No.  :  PNTA-P006
-------------------------------------------------------------------------------------------------------------

For:    BLOCK-LEVEL I/O SUBSYSTEM FOR DISTRIBUTED APPLICATION
        ENVIRONMENT MANAGEMENT

<u>AMENDMENT AND RESPONSE TO OFFICE ACTION</u>

Commissioner for Patents & Trademarks
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

In response to the Office Action mailed July 8, 2009, please consider the

following amendments and remarks in the above captioned patent application.

**Amendments to the Specification** begin on Page 2 of this paper.

**Amendments to the Claims** are reflected in the listing of Claims which begins on page 4
of this paper, followed by Applicants' remarks.

**Amendments to the Specification**

Please replace Paragraph 0009 with the following:


[0009] An embodiment of the present invention is directed to a system for distributing an application environment to a compute node (e.g., a server or a thin-client workstation).  The system includes a first storage unit for storing blocks of a root image (e.g., an operating system) of the compute node and a second storage unit for storing a leaf image comprising new data blocks and changes to the blocks of the root image.  The system further includes a union block device for interfacing between the compute node and the first and second storage units to distribute the application environment to the compute node.  The union block device creates the application environment by merging the blocks of the root image stored on the first storage unit with the leaf image stored on the second storage unit.


Please add the following paragraph between Paragraphs 0009 and 0010:


Another embodiment of the present invention is directed to a method for distributing an application environment to a compute node.  The method includes storing blocks of a root image of the compute node on a first storage unit and storing a leaf image comprising new data blocks and changes to the blocks of the root image on a second storage unit.  The method further includes merging the blocks of the root image stored on the first storage unit with the blocks of the leaf image stored on the second storage unit to create the application environment.  The application environment is created by merging

PNTA-P006                         Page 2 of 18                    Examiner: Khatri, Anil
Serial No. : 11/395,816                                          Group Art Unit: 2191

the blocks of the root image stored on the first storage unit with the blocks fo the leaf image stored on the second storage unit.  Lastly, the application environment is delivered to the computer node.

**Amendments to the Claims**

1.    (Currently amended) A system for distributing an application environment ~~to a compute node~~ comprising:

        a compute node comprising a computer system;

        a first storage unit for storing blocks of a root image of the compute node, wherein the first storage unit comprises a first non-volatile memory, wherein the root image comprises a computer program, wherein the blocks comprise sections of data, and wherein a file of the root image comprises at least one block;

        a second storage unit for storing a leaf image, the leaf image comprising new data blocks and changes to the blocks of the root image, wherein the second storage unit comprises a second non-volatile memory; and

        a union block device for interfacing between the compute node and the first and second storage units to distribute the application environment to the compute node, wherein the union block device comprises a driver, wherein the union block device creates the application environment by merging the blocks of the root image stored on the first storage unit with the blocks of the leaf image stored on the second storage unit.

2.    (Original) The system as recited in Claim 1 wherein the compute node comprises a server.

3.    (Original) The system as recited in Claim 1 wherein the compute node comprises a thin-client workstation.

4.    (Original) The system as recited in Claim 1 wherein the root image comprises an operating system.

5.    (Original) The system as recited in Claim 1 wherein the root image is concurrently accessible to a plurality of compute nodes.

.

6.    (Original) The system as recited in Claim 1 wherein the first storage unit is remotely located from the compute node.

7.    (Original) The system as recited in Claim 1 wherein the second storage unit is remotely located from the compute node.

8.    (Original) The system as recited in Claim 1 wherein the second storage unit contains a block modification log for the compute node.

9.    (Original) The system as recited in Claim 1 wherein the first storage unit in contained within a first partition on a hard disk and the second storage unit is contained within a second partition on the hard disk.

10.    (Original) The system as recited in Claim 1 wherein the union block device comprises a low-level driver for interfacing between the first and second storage units and the file system of the compute node.

11.    (Original) The system as recited in Claim 1 wherein the union block device, upon receiving a write request from the compute node for a sector X, creates an appropriate persistent mapping for sector X.

12.    (Original) The system as recited in Claim 11 wherein the union block device writes sector X on the second storage unit.

13.    (Original) The system as recited in Claim 1 wherein the system operates in a high performance computing cluster.

14.    (Original) The system as recited in Claim 1 wherein the system operates in a grid computing cluster.

15.     (Original) The system as recited in Claim 1 wherein the first storage unit is read only.

16.     (Original) The system as recited in Claim 1 further comprising an intermediate image between the root image and the leaf image, wherein the intermediate image comprises an application environment service group.

17.     (Currently amended) A method for distributing an application environment to a compute node comprising:

storing blocks of a root image of a[[the]] compute node on a first storage unit, wherein the compute node comprises a computer system, and wherein the first storage unit comprises a first non-volatile memory, wherein the root image comprises a computer program, wherein the blocks comprise sections of data, and wherein a file of the root image comprises at least one block;

storing a leaf image comprising new data blocks and changes to the blocks of the root image on a second storage unit, wherein the second storage unit comprises a second non-volatile memory;

merging the blocks of the root image stored on the first storage unit with the blocks of the leaf image stored on the second storage unit to create the application environment; and

delivering the application environment to the compute node.

18.     (Original) The method as recited in Claim 17 further comprising:

modifying the leaf image in response to the compute node's access to the application environment.

19.     (Original) The method as recited in Claim 18 wherein the modifying comprises:

upon receiving a write request from the compute node for a sector X, creating an appropriate persistent mapping for sector X; and

writing sector X on the second storage unit.

20.    (Original) The method as recited in Claim 17 further comprising: reconciling the root image and the leaf image to form a new root image.

21.    (Original) The method as recited in Claim 17 wherein the compute node comprises a server.

22.    (Original) The method as recited in Claim 17 wherein the compute node comprises a thin-client workstation.

23.    (Original) The method as recited in Claim 17 wherein the root image comprises an operating system.

24.    (Original) The method as recited in Claim 17 wherein the root image is concurrently accessible to a plurality of compute nodes.
.

25.    (Original) The method as recited in Claim 17 wherein the first storage unit is remotely located from the compute node.

26.    (Original) The method as recited in Claim 17 wherein the second storage unit is remotely located from the compute node.

27.    (Original) The method as recited in Claim 17 wherein the second storage unit contains a block modification log for the compute node.

28.    (Original) The method as recited in Claim 17 wherein the first storage unit is contained within a first partition on a hard disk and the second storage unit is contained within a second partition on the hard disk.

29.     (Original) The method as recited in Claim 17 wherein merging occurs at an operational level between the first and second storage units and file system of the compute node.

30.     (Original) The method as recited in Claim 17 wherein the method operates in a high performance computing cluster.

31.     (Original) The method as recited in Claim 17 wherein the system operates in a grid computing cluster.

32.     (Original) The method as recited in Claim 17 wherein the first storage unit is read only.

33.     (Original) The method as recited in Claim 17 further comprising:

creating an intermediate image on a third storage unit between the root image and the leaf image, wherein the intermediate image comprises an application environment service group.

## REMARKS

Claims 1-33 are pending.  Claims 1 and 17 are amended.  No new matter has been added as a result of these amendments.

### Specification Objections

The Summary of the invention is objected to because it is allegedly identical and verbatim to the abstract.  Applicants have therefore amended paragraph 0009 and added a new paragraph between paragraph 0009 and 0010 that describes another embodiment of the invention.  Further, Applicants respectfully point out that paragraph 0010 provides additional information related to the advantages of the invention over the prior art by explaining the nature of the invention (e.g., rather than copying the contents of the root image to create a new boot image, a new UBD is registered, which occurs very quickly).

### Claim Rejections – 35 U.S.C. §101

Claims 1-33 are rejected under 35 U.S.C. 101 for allegedly disclosing a claimed invention that is an abstract idea.  The rejection contends that Claims 1-33 are non-statutory because they do not disclose how a system will be able to process and carry out its intended results incorporating a processor, memory and medium.  The rejection therefore, contends that Claims 1-33 recite "storage unit," "node," and "union block device" without showing how and where they are performed.  Applicants have amended Claims 1 and 17 to further define the claim terms and their functionality.

Claim Rejections – 35 U.S.C. §112

Claims 1-16 are rejected under 35 U.S.C 112, second paragraph, for allegedly providing insufficient antecedent basis for the limitation "union block device." The rejection alleges this term is unclear and vague. Applicants have amended Claim 1 to further define the union block device as a "low level driver." Support for this amendment is found in Paragraph 0020 of Applicants' Specification. Paragraph 0020 also further describes the union block device and a sample embodiment (i.e., low level driver). As described in Applicants' Specification, and as known in the art, low-level drivers may be used in data acquisition, such as with the individual blocks making up files (data) within the root images and leaf images, as claimed in Claim 1.

Claim Rejections – 35 U.S.C. §103

Claims 1-33 are rejected under 35 U.S.C. 103(a) as being allegedly unpatentable over Paven (US 6,502,238), hereinafter "Paven," in view of Davidson (US 7,475,274), hereinafter "Davidson." Applicants respectfully assert that Claims 1-33 are patentable over the combination of Paven and Davidson in view of the following.

Applicants respectfully point out that the Examiner has the burden of establishing a prima case of obviousness. To establish a prima facie case of obviousness, three basic criteria must be met. First, there must be some suggestion or motivation, either in the references themselves or in the knowledge generally available to one of ordinary skill in the art, to modify the reference or to combine reference teachings. Second, there must be a reasonable expectation of success. Finally, the prior art reference (or references when

combined) must teach or suggest all the claim features. The teaching or suggestion to make the claimed combination and the reasonable expectation of success must both be found in the prior art, and not based on Applicant's disclosure. In re Vaeck, 947 F.2d 488, 20 USPQ2d 1438 (Fed. Cir. 1991). See MPEP 2100-126. Specifically, "all words in a claim must be considered when judging the patentability of that claim against the prior art." *In re Wilson*, 424 F.2d., 1382 (CCPA 1970).

Moreover, in response to the recent U.S. Supreme Court decision in *KSR Int'l Co. v. Teleflex, Inc.* (U.S. 2007), new guidelines were set forth for examining obviousness under 35 U.S.C. 103. The U.S. Supreme Court reaffirmed the *Graham* factors and, while not totally rejecting the "teachings, suggestion, or motivation" test, the Court appears to now require higher scrutiny on the part of the U.S. Patent & Trademark Office. In accordance with the recently submitted guidelines, it is "now necessary to identify the reason" why a person of ordinary skill in the art would have combined the elements of cited references, or at least describe the pertinence of the elements set forth in the cited disclosure, in the manner presently claimed.

Applicants contend that the combination of Paven and Davidson fail to teach or suggest all the claimed elements of Claims 1-33 in view of the following rationale.

Claim 1:

Amended Claim 1 recites in part:

a compute node comprising a computer system;
<u>a first storage unit for storing blocks of a root image</u> of the compute node, wherein the first storage unit comprises a first non-volatile memory;
<u>a second storage unit for storing a leaf image</u>, the leaf image <u>comprising new data blocks and changes to the blocks of the root image,</u> wherein the second storage unit comprises a second non-volatile memory<u>,</u> wherein the root image comprises a computer program, and wherein the blocks comprise sections of data; and
a <u>union block device</u> for interfacing between the compute node and the first and second storage units to distribute the application environment to the compute node, wherein the union block device comprises a driver, wherein <u>the union block device creates the application environment by merging the blocks of the root image stored on the first storage unit with the blocks of the leaf image stored on the second storage unit</u> (emphasis added).

Applicants respectfully assert that Pavan does not teach or suggest "<u>a first storage unit</u> for storing <u>blocks</u> of <u>a root image</u>…; <u>a second storage unit</u> for storing <u>a leaf image</u>… comprising new data blocks and changes to the blocks of the root image…; and a <u>union block device</u> for interfacing between the compute node and the first and second storage units to distribute the application environment to the compute node, …wherein the union block device creates the application environment by merging the blocks of the root image stored on the first storage unit with the blocks of the leaf image stored on the second storage unit," as claimed in Claim 1.

As understood by Applicants, Pavan is directed towards a distributed block-based programming model for control applications, wherein a user program specifies interconnections between a plurality of program blocks distributed across a plurality of

processing nodes (Abstract).  Pavan discloses using multimedia information with Multiple-Input Multiple-Output (MIMO) control systems (Column 1, line 56 to Column 2, line 10).  Paven discloses a method wherein a user program is received.  This user program specifies interconnections between a plurality of program blocks distributed across a plurality of processing nodes, wherein the user program is translated into a system-level program having a program fragment for each of the processing nodes, wherein each program fragment comprises the program blocks located on the processing node and one or more system-level blocks for establishing connections between the processing node and a different processing node across a network (Column 2, lines 19-27; and Figure 4).

Applicants respectfully assert that to the extent Pavan discloses program blocks, root nodes, and the creation of program fragments with program blocks and children, Pavan does not teach or suggest a first storage unit for storing blocks of a root image, a second storage unit for storing a leaf image, nor a union block device which creates an application environment by merging the blocks of the root image stored on the first storage unit with the blocks of the leaf image stored on the second storage unit, as claimed in Claim 1.

Applicants respectfully assert that the blocks of a root image, as claimed in amended Claim 1 are not the program blocks as taught by Pavan.  Applicants have amended Claim 1 to clarify that the blocks of a root image comprise sections of data, wherein a file of the root image comprises at least one block, as claimed in Claim 1.

Support for Applicants' amendment is found in Applicants' Specification, Paragraphs 0018-0020. As claimed in Amended Claim 1, these blocks make up a root image which comprises a computer program. Support for this amendment may be found in Paragraph 0017. This is completely different from the program blocks as taught by Pavan. As understood by Applicants, Pavan teaches that a program block is part of a block-based programming model, wherein a block is a high level program abstraction (Column 3, line 64 to Column 4, line 2). Further, these program blocks may be functions, objects implemented in an object-oriented programming language, or sensors, cameras and functions performed by physical devices (Column 3, line 64 to Column 4, line 18). The functional blocks of Pavan are not blocks comprising sections of data, as claimed in Claim 1.

Applicants respectfully assert that Pavan does not teach or suggest a root image or a leaf image, as claimed in Claim 1. A root image, as claimed in Claim 1, is not a root node, as taught by Pavan. The root block, node, or fragment, as taught by Pavan, controls the system operations and executes on the control node and controls the execution of the system-level program for a MIMO control system (Column 9, lines 64-67), as compared to a root image comprising a computer program, as claimed in amended Claim 1. Support for this amendment may be found in Applicants' Specification, Paragraph 0018.

Further, Applicants respectfully assert that a second storage unit for storing a leaf image, as claimed in Claim 1, is not the same thing as the process Pavan describes for the "Grow-Fragment" block 508. Pavan teaches methods for making program fragments for

each of the processing nodes that take into account all the components or program blocks that make up each processing node as well as all interconnecting lines between the processing nodes. Pavan describes a "child" as a program block that is connected to the current block that is being processing by the "Grow-Fragment" block. Where Pavan teaches a method for implementing a programming method for interconnecting program blocks or functions that may reside on several compute nodes, Applicants claim a second storage unit for storing a leaf image, the leaf image comprising <u>new data blocks</u> and <u>changes to the blocks of the root image</u>, as claimed in Claim 1. Applicants respectfully assert that Davidson does not remedy these deficiencies.

Lastly, the rejection appears to agree that Pavan does not teach or suggest "a <u>union block device</u> <u>for interfacing between the compute node and the first and second</u> <u>storage units to distribute the application environment to the compute node</u>, …wherein the union block device <u>creates the application environment</u> by merging the blocks of the root image stored on the first storage unit with the blocks of the leaf image stored on the second storage unit," as claimed in Claim 1. Applicants respectfully assert that Davidson does not remedy the this deficiency.

The rejection contends that Davidson describes a union block device. Applicants respectfully assert that the rejection is reading the management node 105 of Davidson, which manages or assists an administrator of an HPC system, on Applicants' claimed union block device that creates an application environment by merging the blocks of the

root image stored on the first storage unit with the blocks of the leaf image stored on the

second storage unit, as claimed in Claim 1.  Applicants respectfully disagree.

As understood by Applicants, Davidson discloses a method and apparatus for

fault tolerance and recovery of high-performance computing (HPC) systems.  Davidson

teaches a method for monitoring currently running nodes in the HPC system, and when a

fault occurs, shutting down the defaulting node and booting the host at a free node in the

HPC system.  Davidson further discloses the management node 105, referred to by the

rejection, comprising at least one blade substantially dedicated to managing or assisting

an administrator.  Davidson further discusses the methods of linking the blades

comprising the management node 105 with the rest of the HPC nodes through wires,

buses, LANs, MANs, WANS, an Internet connection, or a combination of two or more

such links.  However, Applicants do not find any teaching by Davidson wherein the

management node provides an application environment to a compute node by merging

the blocks of the root image stored on the first storage unit with the blocks of the leaf

image stored on the second storage unit, as claimed in Claim 1

Applicants respectfully assert that the combination of Pavan and Davidson does

not teach or suggest a first storage unit for storing blocks of a root image of the compute

node; and a second storage unit for storing a leaf image, the leaf image comprising new

data blocks and changes to the blocks of the root image, nor a union block device for

interfacing between the compute node and the first and second storage units to distribute

the application environment to a compute node, wherein the union block device creates

the application environment by merging the blocks of the root image stored on the first stored unit with the blocks of the leaf image stored on the second storage unit, as claimed in Claim 1.

Therefore, Applicants respectfully assert that embodiments as recited by Claim 1 are not rendered obvious by the combination of Pavan and Davidson.  Accordingly, Applicants respectfully assert that dependent Claims 2-16 are patentable by virtue of their dependency on an allowable base claim, as well as for their additional recited patentable features.

Claim 17:

Independent Claim 17 recites features similar to that of independent Claim 1 and is therefore patentable for at least the same or similar reasons as recited above. Accordingly, Applicants respectfully assert that dependent Claims 18-33 are patentable by virtue of their dependency on an allowable base claim, as well as for their additional recited patentable features.

For the above reasons, Applicants request reconsideration and withdrawal of the rejections under 35 U.S.C. §103.

<u>CONCLUSION</u>

In light of the above listed remarks, reconsideration of rejected Claims is requested. Based on the arguments presented above, it is respectfully submitted that Claims 1-33 overcome the rejections of record and, therefore, allowance of Claims 1-33 is earnestly solicited.

Please charge any additional fees that may be required to maintain pendency of the present application, or apply any credits to our PTO deposit account number: 50-4160.

Respectfully submitted,

MURABITO, HAO & BARNES LLP

Dated: <u>October 8, 2009</u>

<u>/James P. Hao/</u>
James P. Hao
Registration No. 36,398

MURABITO, HAO & BARNES LLP
Two North Market Street
Third Floor
San Jose, California 95113

(408) 938-9060 Voice
(408) 938-9069 Facsimile

I hereby certify that this correspondence is being electronically transmitted to the USPTO via EFS on the date shown below:
**October 8, 2009**
<u>/Shannon Warren/</u>
Shannon Warren