# <u>Exhibit 1</u>

22469

Certificate of Express or First-Class Mailing

I hereby certify that I have deposited this correspondence with the
US Postal Service as first-class or, if a mailing-label number is
given below, as express mail addressed to Comm. of Patents,
Box 1450, Alexandria, VA 22313-1450 on the below-given date.

EV800232338       MAR 6 2007       Date

Express-mail label number

Signature

## IN THE U.S. PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Inventor | Michael ROTHSCHILD | |
| Patent App. | 10/375,893 | |
| Filed | 27 February 2003 | Conf. No. 6365 |
| For | LOAD BALANCING WITH SHARED DATA | |
| Art Unit | 2165 | Examiner  Wu, Y |

Hon. Commissioner of Patents
Box 1450
Alexandria, VA  22313-1450

### FIRST AMENDMENT

In response to the Office Action mailed 08 December 2006, please amend the above-identified application as follows:

Atty's 22469                                          Pat. App. 10/375,893


                        CLAIM AMENDMENTS


1       1.  (currently amended)  A method of effecting <u>on a</u>

2    <u>preexisting input file</u> a computer-executable process <u>comprised of a</u>

3    <u>plurality of subtasks, the method</u> comprising the steps of:

4           (a) automatically determining file allocation and

5    logically subdividing records of said input file into a plurality

6    of partitions;

7           (b) distributing <u>descriptions of all of</u> said partitions

8    to <u>each of</u> a plurality of <u>subtask</u> processors ~~and activating~~

9           <u>(c) simultaneously executing at least a</u> respective <u>one of</u>

10   <u>the</u> subtasks of the computer-executable process in each <u>of at least</u>

11   <u>some</u> of said processors <u>on a respective one of the partitions with</u>

12   [[,]] each subtask reading and processing [[said]] <u>the respective</u>

13   partition [[s]] <u>so as to process the respective partition and</u>

14   <u>produce respective subtask output and;</u>

15          <u>(d) thereafter repeating step (c) in at least some of the</u>

16   <u>subtask processors each with another unprocessed partition</u> on a

17   first<u>-</u>come/first<u>-</u>served basis; and

18          [[(c)]] <u>(e)</u> generating at least one output <u>combining all</u>

19   <u>of the subtask outputs and</u> reflecting the processing of <u>all of</u> said

20   subtasks.


1       2.  (currently amended)  The method defined in claim 1

2    wherein the automatic determination of file allocation and logical

3    subdivision of records of said input file into said plurality of


                           - 2 -

Atty's 22469                                    Pat. App. 10/375,893

4  partitions in step (a) and the distribution of <u>the description of</u>

5  <u>all of</u> said partitions in step (b) is carried out with at least one

6  <u>further</u> processor in addition to the subtask processors

7  ~~formulation~~.

1          3. (currently amended)  The method defined in claim 1

2  ~~wherein each of said subtasks produces a subtask output, said~~

3  ~~method,~~ further comprising the step of merging said subtask outputs

4  ~~to produce the output of step (c)~~ <u>in step (e)</u>.

1          4. (currently amended)  The method defined in claim 1

2  wherein the output in step [[(c)]] <u>(e)</u> is a succession of outputs

3  from said subtasks in a one<u>-</u>to<u>-</u>one correspondence with said records

4  of said input file.

1          5. (currently amended)  The method defined in claim 1

2  wherein the output in step [[(c)]] <u>(e)</u> is an accumulation of output

3  records from said subtasks in an arbitrary order.

1          6. (original)  The method defined in claim 1 wherein

2  said input file resides on a storage area network and is derived

3  therefrom.

1          7. (currently amended)  The method defined in claim 1

2  wherein said input file resides on a network<u>-</u>attached storage and

3  is derived therefrom.

- 3 -

Atty's 22469                                         Pat. App. 10/375,893

1          8.  (original)  The method defined in claim 1 wherein
2    said computer-executable process is a sort process.

1          9.  (original)  The method defined in claim 1 wherein
2    said computer-executable process is a statistical analysis process.

1          10.  (currently amended)  The method defined in claim 1
2    wherein said computer-executable process is a report_-creating
3    process.

1          11.  (original)  The method defined in claim 1 wherein
2    said computer-executable process includes a database query.

1          12.  (currently amended)  The method defined in claim
2    [[1]] 2 wherein said one processor is part of a mainframe computer
3    and ~~said plurality of~~ the other processors are processors of at
4    least one other computer.

1          13.  (original)  The method defined in claim 1 wherein
2    said plurality of processors are all parts of a single
3    multiprocessor.

1          14.  (currently amended)  The method defined in claim 1
2    wherein the automatic determination of file allocation and logical
3    subdivision of records of said input file into said plurality of

- 4 -

Atty's 22469                                    Pat. App. 10/375,893

4    partitions in step (a) and the distribution of <u>the descriptions of</u>

5    <u>all of</u> said partitions in step (b)  is carried out with at least

6    one processor, and said one processor and said plurality of

7    processors are all parts of a single multiprocessor <u>not including</u>

8    <u>said one processor</u>.

Atty's 22469                                        Pat. App. 10/375,893

<u>Remarks</u>:

This amendment is submitted in an earnest effort to
advance this case to issue without delay.

The claims have been amended to clarify their language
and defined the invention with somewhat greater particularity over
the art.

The primary difference between the instant invention and
the processes disclosed in US 5,603,028 of Kitsuregawa and
5,357,632 of Pian is that these systems rely on a special control
process that uses load information to distribute the load between
processors that share the load.  With the instant invention as
defined in the claims there is no such special process.  The prior
art's load information is not created with the process of the
instant invention.  Instead, the load sharing is done as a
byproduct of the fact that the load-sharing process take parts of
the load on a first-come/first-served basis.

A comparison would be to a road intersection where,
according to the prior art, there is a traffic light that
determines who can go when.  The instant invention is more like
such an intersection with a four-way stop so that the individual
drivers determine who can go and when.

This is a major improvement since in addition to
eliminating the control process it also eliminates the need to

- 6 -

Atty's 22469                                    Pat. App. 10/375,893

collect and maintain load information, which it is very difficult
to do and almost impossible to define so as to anticipate all
possible processors that might execute the subtasks.

The amended claims, refer to a distribution of a
description of the work to be done.  The sharing process can use
such a description to distribute the load without a special load
process.

For these reasons the instant invention is clearly
allowable over the cited art.  Notice to that effect is earnestly
solicited.

If only minor problems that could be corrected by means
of a telephone conference stand in the way of allowance of this
case, the examiner is invited to call the undersigned to make the
necessary corrections.

Respectfully submitted,
K. E. Ross P.C.

by: Andrew Wilford, 26,597
Attorney for Applicant

02 March 2007
5676 Riverdale Avenue  Box 900
Bronx, NY  10471-0900
Cust. No.:   535
Tel:  718 884-6600
Fax:  718 601-1099

Enclosure:        None.

- 7 -

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>10/375,893 | Filing Date<br>02/27/2003 | ☐ To be Mailed |
|---|---|---|---|

### APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | SMALL ENTITY ☒ | | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) | | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ | = | OR | X $ | = |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ | = | | X $ | = |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) |  | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | |

### APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT | 03/06/2007 | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 14 Minus | ** 20 | = 0 | X $25 = | 0 | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * 1 Minus | *** 3 | = 0 | X $100 = | 0 | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | 0 | OR | TOTAL ADD'L FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * Minus | ** | = | X $ = | | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * Minus | *** | = | X $ = | | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.

\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".

\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
Deborah Nash

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*