# Exhibit 2

# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, § § § § *Plaintiffs,* § v. § § AMERICAN AIRLINES, INC., § § *Defendant.* § | Civil Action No. 4:24-cv-980 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant American Airlines, Inc.'s Partial Motion to Dismiss (Dkt. #15). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

### BACKGROUND

This is a patent case in which Plaintiffs allege that Defendant infringed on six patents covering various computer and cloud computing technologies: U.S. Patent Nos. 8,332,844 (the "'844 Patent"); 8,407,722 (the "'722 Patent"); 7,949,785 (the "'785 Patent"); 8,027,326 (the "'326 Patent"); 7,324,469 (the "'469 Patent"); and 7,257,582 (the "'582 Patent") (collectively, the "Asserted Patents") (Dkt. #1 at p. 1). Four of these relate to cloud computing specifically: the '844, '722, '785, and '582 Patents (collectively, the "Cloud Computing Patents") (Dkt. #15 at p. 9). (Dkt. #1 at p. 1). Defendant seeks dismissal of several claims on the grounds that Plaintiffs did not adequately plead infringement and that certain patents are invalid under 35 U.S.C. § 101 (Dkt. #15 at pp. 2–3, 30–37).

Plaintiffs are a Washington-based entity that acquires and asserts patents (Dkt. #15 at p. 9). Defendant is a commercial airline headquartered in Fort Worth, Texas (Dkt. #15 at p. 9). On November 1, 2024, Plaintiffs sent Defendant a letter offering a license to the Asserted Patents (Dkt. #15 at p. 9). The next day, Plaintiffs filed this lawsuit (Dkt. #15 at p. 9). Plaintiffs assert that Defendant directly infringes the Asserted Patents by encouraging use of its systems and services, indirectly infringes through inducement and contributory acts (*See, e.g.*, Dkt. #1 at pp. 9, 12). Plaintiffs further allege that Defendant's conduct after receiving the November 1 letter constitutes willful infringement (*See, e.g.*, Dkt. #1 at pp. 10–11).

Plaintiffs concede that it has licensed these patents to certain cloud providers and that such licenses may cover Defendant's activities (Dkt. #15 at p. 9). Nonetheless, Plaintiffs have asserted them against businesses in other industries, including airlines, banks, and insurers (Dkt. #15 at p. 9). Plaintiffs maintain that Defendant infringes by using, offering, and promoting products and services that embody the Asserted Patents (Dkt. #1 at p. 3).

Defendant disputes Plaintiff's allegations, arguing that the Complaint does not identify unauthorized use of the Cloud Computing Patents, that the indirect infringement claims lack factual support, and that the pleadings as to the '844 and '722 Patents are conclusory given the complexity of the technology (*See, e.g.*, Dkt. #15 at pp. 12–13, 18–22). Defendant further contends that the '785 and '582 Patents are invalid because they are directed to abstract ideas without an inventive concept (Dkt. #15 at pp. 32–37).

On November 2, 2024, Plaintiffs filed their Complaint (Dkt. #1). On January 27, 2025, Defendant filed its Partial Motion to Dismiss (Dkt. #15). On March 19, 2025, Plaintiffs filed their

Response (Dkt. #31). On April 3, 2025, Defendant filed its Reply (Dkt. #42). The Motion is now ripe for adjudication.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing Plaintiff's Complaint and the arguments presented in the briefs, the Court finds that Plaintiffs have stated plausible claims for relief under Rule 12(b)(6). Dismissal is unwarranted. Defendant's Motion should therefore be **DENIED**.

## CONCLUSION

It is therefore **ORDERED** that Defendant American Airlines, Inc.'s Partial Motion to Dismiss (Dkt. #15) is hereby **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 19th day of August, 2025.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

4